(June 28, 1911.)

H. S. WAYNE et al., Respondents, v. S. B. ALSPACH et al., Appellants.

[116 Pac. 1033.]

"Subject Matter" Defined—Jurisdiction of Person—Waiver of Jurisdiction—Judicial Discretion.

(Syllabus by the court.)

1. The phrase "subject matter" as used in an inquiry as to jurisdiction means the thing in issue or the authority of the court to exercise judicial power over the class of cases or proceedings to which the one under consideration belongs.

2.  The court having jurisdiction of the "subject matter," and having acquired jurisdiction of the "person," has complete juris-diction.

3.  If the court has jurisdiction of the "subject matter" and a party litigant invokes such jurisdiction, he cannot afterward be heard to question it.

4.  Parties litigant can by consent confer jurisdiction on a court of their "person"; they cannot by consent confer jurisdiction on a court of the "subject matter."

5.  Trial courts, or the judges thereof, are vested with a judicial discretion in the granting or refusal of temporary injunctions where the facts are in serious dispute which will not be disturbed on appeal unless such order appears clearly erroneous or to be an abuse of sound judicial discretion.

APPEAL from the District Court of the Seventh Judicial District for Canyon County.   Hon. Ed. L. Bryan, Judge.

Upon motion of plaintiffs for an injunction *pendente lite* and upon answer of defendants asking for a like order, an order for injunction *pendente lite* was made.  Defendants appeal from such order.  Order *affirmed.*

Ira W. Kenward, for Appellants.

The defendants having denied plaintiffs' title, possession and right of possession and also the ousting, and it being ad-mitted that the defendants were in the possession of the real property in dispute, the court erred in disturbing, prior to final hearing, said possession.   (22 Cyc. 743, and authorities cited; *San Antonia Water Co. v. Bodenhamer Water Co.,* 133 Cal. 248, 65 Pac. 47; *Hagen v. Beth,* 118 Cal. 330, 50 Pac. 425.)

Perky & Crow, for Respondents.

There was no impropriety, whether we consider the second motion for a preliminary injunction as a new and original motion or as a renewal of the old motion, in making and entering the order from which the appeal is taken.  The court having considered the second motion upon its merits must be deemed to have given leave that it should be made; but even

without leave of court a motion denied merely for irregularity in the motion papers may be renewed. (*Marvin v. Lewis,* 12 Abb. Pr. (N. Y. Supr. Ct.) 482; *Adams v. Bush,* 2 Abb. Pr., N. S. (N. Y.), 112; *Corwith v. Illinois State Bank,* 15 Wis. 289; *Skinner v. Steele,* 88 Hun (N. Y.), 307, 34 N. Y. Supp. 748; *Hoffman v. Livingston,* 1 Johns. Ch. (N. Y.) 211; *Dodd v. Astor,* 2 Barb. Ch. (N. Y.) 395.)

Although notice of application for a preliminary injunction be required by statute, it may be waived by the defendant by voluntarily appearing. (*Marsh v. Bennett,* 5 McLean (U. S.), 117, Fed. Cas. No. 9110; *Brown v. Pacific Mail S. S. Co.,* 5 Blatchf. (U. S.) 525, Fed. Cas. No. 2025; *Patterson v. Stair,* 26 Ind. 137; *Brammer v. Jones,* 2 Bond (U. S.), 100, Fed. Cas. No. 1806.)

"An injunction, whether temporary or permanent, cannot, as a general rule, be sought as a matter of right, but its granting or refusal rests in the sound discretion of the court under the circumstances, of the particular case. Especially is this the rule in the case of a temporary injunction where the granting of the injunction depends upon the determination of questions of fact and the evidence is conflicting." (22 Cyc. 746–748.)

WALTERS, District J.—This is an appeal brought to review the order of the district judge in granting a temporary injunction. The record discloses a controversy among the members of a religious organization denominated the "Church of God of Payette," and who had disagreed as to the proper interpretation of the doctrines, practices and teachings of said church, each side maintaining that they were the true followers of the orthodox church, and each likewise maintaining that the others were seceders and wanderers from the true faith. The plaintiffs below, who are respondents in this court, by their complaint set forth the above-mentioned matters in substance and asked for an injunction against the defendants, who are appellants here, whereby the plaintiffs sought to restrain the defendants from denying to them the use for purposes of worship of the church house or bethel belonging

to said religious organization.  An order for a writ of preliminary injunction, as it is styled in the transcript, was without notice accordingly issued by the district judge, which by its terms afforded the plaintiffs the temporary relief sought.

Within several days thereafter the defendants, through their counsel, appeared before the district judge at chambers and obtained a revocation of said writ of injunction and the order upon which the same had been based theretofore made, the district judge assigning as the reason for such order of dissolution that the relief granted was a writ of injunction for affirmative relief having the force and effect of a writ of restitution, and by which plaintiffs were restored to the possession of said real property theretofore in the possession of defendants, and that no notice in writing was given of the application to the defendants for five days prior to the making of such order.  Within six days after the date of the order of dissolution last mentioned, the plaintiffs filed their notice of appeal to this court from said order of dissolution, and filed bond as by law required.  However, contemporaneously with the giving of the notice of appeal and filing bond upon appeal to this court, the plaintiffs filed and caused to be served their second notice of application for temporary injunction, and this time served such notice upon the defendants and the notice and a copy of the moving papers upon one of the defendants, and thereby informed the defendants that at a certain time, before the district judge, and which was greater than five days from the time of the service of the notice, that the plaintiffs would cause said application to be heard.  By such second application plaintiffs sought the same relief as theretofore asked, and based their request for such temporary injunction upon the complaint and affidavits first filed.

Upon the return day of said motion counsel for defendants filed a special appearance and moved to quash the service of such notice.  The record fails to disclose the ruling of the district judge upon said motion to quash; it, however, does disclose that at the same time or upon the return day of said second motion made by plaintiffs for a temporary injunction,

the defendants appeared generally by answer, meeting in detail the allegations of the complaint, and also by which they asked affirmative relief against the plaintiffs, seeking to quiet title in the defendants as against the plaintiffs, and further asking that plaintiffs be restrained by temporary injunction from molesting or in any way interfering with the church property in dispute, or defendants' possession thereof. At the time of filing their answer there was filed the affidavits of a large number of the defendants in opposition to the application for temporary injunction made by the plaintiffs, and in support of their own application for a temporary injunction sought by them.

It appears from the record that the application for the temporary injunction made by each of the parties to said action was at the same time presented to the trial judge, and he ordered that the application of each of them be in part granted and in part denied,—that is, he directed that defendants should have possession and use of said church property except during one certain interval on the Sabbath day and two certain intervals during the week-time, when the defendants should permit the plaintiffs the free and uninterrupted use of such church property for the purposes of worship, and enjoining defendants from interfering with such religious or proper social exercises as the plaintiffs may wish to conduct during said designated hours. The defendants thereupon prosecuted their appeal to this court from the order granted last above mentioned, and it is such order which is here upon review.

Appellants designate several specifications of error, and which seem to logically grow from two positions taken by them: (1) That the district judge erred in granting the order appealed from, in that at the time of granting said order the court had lost jurisdiction over the matter involved, because of the plaintiffs' appeal from the order setting aside or dissolving the first order of injunction. (2) That the showing before the trial judge at the time of granting the order for temporary injunction does not authorize such order, and is

an unwarranted and improper conclusion to be drawn from the pleadings and affidavits filed at said time.

1. Discussing the questions presented by appellants in the order above designated, and in relation to the jurisdictional question, appellants urge that inasmuch as the respondents here had filed their notice of appeal and bond on appeal from the order made dissolving the first temporary injunction, that the district judge was without jurisdiction to entertain a second motion of like import, and consequently the order made under said motion is without jurisdiction. It will be noted from the above statement of facts, however, that appellants did not raise this question of jurisdiction in the lower court, but made their general appearance by answer to the merits and filing certain affidavits and asking for affirmative relief against the plaintiffs, and therefore respondents urge that this court cannot be concerned with the jurisdictional question presented by counsel for appellants.

This phase of the case does not seem to be attended with any conflicting decisions, neither does it seem to require the application of abstruse or involved law, as it must be conceded that if the trial judge had jurisdiction over the subject matter and of the persons named as parties, his jurisdiction was complete, and not to be questioned. As our statutes give to district judges the jurisdiction to make an order such as the one here appealed from, he therefore had jurisdiction over the subject matter. It must be noted that in an inquiry as to jurisdiction the phrase "subject matter" is used in its broad and comprehensive sense, and is not confined to an inquiry as to some special or particular defect in the proceeding pending.

"Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind and character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." (Brown

on Jurisdiction, p. 4; *Richardson et al. v. Ruddy,* 15 Ida. 488, 98 Pac. 842.) The immediate preceding statement of law is elemental and of universal acceptation.

Concluding that the trial judge had jurisdiction over the subject matter of the action, the next inquiry is: Did he have jurisdiction of the persons? Appellants—defendants below —did not raise the question of jurisdiction in the hearing below. Defendants appeared by answer and themselves applied for affirmative relief in nature similar to that asked by plaintiffs; therefore by such general appearance the court without doubt acquired jurisdiction unquestioned by them over their persons and as a consequence, having jurisdiction over the subject matter and having jurisdiction over their persons, acquired and had complete and unquestioned jurisdiction to make the order herein made.

If the court had not jurisdiction over the subject matter, jurisdiction cannot by appearance or in any manner be conferred whereby the parties will be bound, and such defect of jurisdiction is not waived by appearance. The parties cannot confer jurisdiction of the subject matter by consent; they can, however, confer jurisdiction of the court over their persons by consent. Consenting parties cannot empower courts upon the subject matter; this the law can only do.

Another cogent reason, and hereinbefore suggested, why the question of jurisdiction raised by appellants must be without avail is that as appellants sought like affirmative relief against respondents, and which by the order here appealed from was partly granted, it must follow that if the district judge had such jurisdiction of the subject matter as to properly act in behalf of appellants, he had like jurisdiction to properly act against them, or to act partly for them, which he did.

It must be true that if respondents by their appeal had divested the trial judge of jurisdiction to act upon the second application made by them for a restraining order, such appeal, however, had in no wise affected the right of appellants here to afterward invoke the jurisdiction of the district judge to protect them by mandatory process against the alleged

unlawful acts of the former appellants and who are respondents here.

That is what appellants here did, and upon the respondents' invitation made not only their showing before the trial judge as to why respondents' motion for temporary injunction should, for its lack of merits, be denied, but in addition at said time sought the same affirmative relief against the respondents which the respondents were seeking against the appellants, and which affirmative relief as sought by appellants it appears the trial court in part granted.

As the district judge without question had jurisdiction of the subject matter, appellants cannot be in such legal position to question the jurisdiction of the trial judge if his order displease them, and enforce it if it be to their liking.

2. The next assignment for consideration refers to the position urged by appellants that the record before the district judge at the hearing did not warrant the order by him made and was an improper determination of the facts.

In a search of the record while prosecuting this inquiry it must be done having in mind the well-settled rule to be adopted by an appellate court, that the action of the district judge or trial court in granting or refusing to grant an injunction *pendente lite* will not be reversed on appeal unless it clearly appears that it was an abuse of judicial discretion. An extended citation of authorities on this principle of law would be of no especial benefit, as this court has uniformly so held in a long line of decisions, and which appear to be collated in *Weber v. Della Mountain Min. Co.*, 11 Ida. 264, 81 Pac. 931. This doctrine has been later announced and applied in the case of *Safford v. Flemming*, 13 Ida. 271, 89 Pac. 827; *Castelbury v. Harte*, 15 Ida. 399, 89 Pac. 293.

In addition to the statement of facts hereinbefore made the record discloses that by their complaint, supported by four affidavits, the respondents claim to be members in good standing of the said Church of God of Payette, and that appellants had conspired and confederated together to set up in said Church of God of Payette a schismatic and heretical body or sect under the name and style of "The Free Church

of God," in violation of the doctrines and practices of the orthodox Church of God, and by such complaint and affidavits it is made to appear that upon a certain Sunday, while respondents were conducting worship, certain of the appellants appeared and by commencing and continuing to sing in a loud voice throughout the whole period of service, not in a spirit of worship or devotion, but of mockery and disturbance, compelled affiant and plaintiffs to leave the premises or engage in an unseemly conflict, and "continued in a spirit of mockery the singing of hymns throughout the entire service."

By the answer filed by appellants and defendants it is claimed that the defendants are the true followers of the said Church of God of Payette, and the allegations in support thereof are of great length and detail. They deny that they have in any manner withdrawn from said church or advocate or have engaged in practices contrary to the true doctrine, and allege that the plaintiffs falsely assume to be and to represent said church; that the plaintiffs were some time prior "legally dropped" from the roll of membership of said church, and therefore are not members in good standing of the same. They further ask to have the title to the bethel or church property in dispute quieted in them, and that a temporary injunction issue during the pendency of the action to prevent the plaintiffs from molesting or interfering with the property in dispute and defendants' possession thereof, and that upon final hearing such be made permanent.

The answer is supported by numerous affidavits—some twenty in number—by which is denied the contumacious acts charged by plaintiffs and the allegations affirmatively made that it was the plaintiffs who created various disturbances during the hours of worship and conducted themselves in a "threatening, boisterous, belligerent and scornful manner"; that it was plaintiffs who sang in "a spirit of mockery and derision," and that plaintiffs had broken the lock on the door of the church and at various times wrongfully taken possession of the same.

An extended statement of the numerous affidavits and affirmative allegations and denials of the pleadings in support of the application made by the appellants and respondents for the temporary injunction could serve no good purpose in this decision, as it manifestly appears that the parties litigant seemed in no particular to have the same memory of the same occurrence and seemed to base their claim to be the true followers of said church upon a widely divergent line of reasoning and statement of fact. In short, the record shows nothing more than a mass of glaring contradictions. Therefore, with the above rule of law in mind, the order of the district judge was manifestly proper. It may have appeared to the district judge that this controversy was fed by fanaticism and that, until the action was regularly determined upon its merits, there was no reason in law or otherwise why both of these contending factions could not each on different occasions use the church property and each for the purposes of worship after their own special manner. The order was manifestly proper and within the law. The order appealed from is *affirmed,* with costs to respondents.

Ailshie, Presiding J., and Sullivan, J., concur.