(July 27, 1922.)

REGINA IHLY, Respondent, v. JOHN DEERE PLOW COMPANY, a Corporation, and T. L. QUARLES, Sheriff, Appellants.

[208 Pac. 838.]

QUIETING TITLE — SUFFICIENCY OF COMPLAINT — SUFFICIENCY OF EVIDENCE.

1. In an action to quiet title, an allegation in ordinary and concise terms of the ultimate fact that the plaintiff is the owner of the property is sufficient, without setting out probative facts which go to establish that ultimate fact.

2. Where there is substantial evidence to support the findings of the trial court, they will not be disturbed upon appeal.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

Edward H. Berg, for Appellants.

The pleader must plead all facts which are necessary and material, to entitle plaintiff to the relief sought. In this case the plaintiff pleaded a conclusion of law in stating that the property was her separate property.

The presumption in this state is that all property is community property. (*Lewis v. Burns,* 122 Cal. 358, 55 Pac. 132; *Gwynn v. Dierssen,* 101 Cal. 563, 36 Pac. 103; *Ramsdell v. Fuller,* 28 Cal. 37, 42, 87 Am. Dec. 103; *Laws v. Ross,* 44 Nev. 405, 194 Pac. 465; *Estate of Warner,* 167 Cal. 686, 140 Pac. 583.)

The complaint is fatally defective in not alleging plaintiff was the owner at the time of filing the suit. (*Clark v. Holmes,* 31 Okl. 164, Ann. Cas. 1913D, 385, 120 Pac. 642, and authorities referred to in the opinion; *Melvin v. Melvin,* 8 Cal. App. 684, 97 Pac. 696; 16 Cyc. 233.)

Ezra R. Whitla and Bert A. Reed, for Respondent.

·"An averment of the ultimate fact of title to the land, such as an averment that the plaintiff is the owner or the owner in fee simple, or the owner of a complete equitable title, without setting out specifically the character of the title, is sufficient." (32 Cyc. 1351; *Andersen v. Andersen,* 69 Neb. 565, 96 N. W. 276; *Ely v. New Mexico & Ariz. R. Co.,* 129 U. S. 291, 9 Sup. Ct. 293, 32 L. ed. 688; *Knight v. Boring,* 38 Colo. 153, 87 Pac. 1078; *Marques v. Maxwell Land Grant Co.,* 12 N. M. 445, 78 Pac. 40.)

The question of insufficiency of the evidence will never be passed upon by the appellate court where the witnesses appear in person and testify if there is any evidence to sustain the findings and decree. It is only where there is a total lack of evidence that the court will reverse a decision. (*Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073; *Moody v. Beggs,* 33 Ida. 535, 196 Pac. 306; *Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169; *Cole v. Brown,* 114 Mich. 396, 68 Am. St. 491, 72 N. W. 247; *State Bank v. Frey,* 3 Neb. (Unof.) 83, 91 N. W. 239; *Graham v. LaCrosse & M. R. Co.,* 102 U. S. 148, 26 L. ed. 106; *Schreyer v. Scott,* 134 U. S. 405, 10 Sup. Ct. 579, 33 L. ed. 955; 209 Cyc. 423; *State Bank v. Chatten,* 69 Kan. 435, 77 Pac. 96; *Arnett v. Coffey,* 1 Colo. App. 34, 27 Pac. 614.)

RICE, C. J.—This is an action to quiet title to real property situated in Kootenai county.

Appellants contend that the complaint is insufficient, in that it appears that respondent is a married woman and that she pleaded only that she has been and now is the owner, as her sole and separate property, of the real estate involved in this action, without setting out the manner in which it became her separate property, that is, as to whether it was acquired with the proceeds of funds she had before marriage, or obtained by gift, bequest, devise or descent thereafter.

In the case of *Hammitt v. Virginia Mining Co.,* 32 Ida. 245, 181 Pac. 336, it was held, as stated in the syllabus,

that "In an action to quiet title, an allegation in ordinary and concise terms of the ultimate fact that the plaintiff is the owner of the property is sufficient, without setting out probative facts which go to establish that ultimate fact."

Appellants further assign as error the insufficiency of the evidence to support the findings of the trial court. There was substantial evidence to support the findings. Appellants did not allege fraud in the acquisition of the property by respondent, nor set out any ground which would give them a right to attack her title.

The judgment is affirmed, with costs to respondent.

Budge, McCarthy, Dunn, and Lee, JJ., concur.