682 P.2d 635

**BONNER BUILDING SUPPLY, INC., an Idaho Corporation, Plaintiff-Respondent,**

v.

**STANDARD FOREST PRODUCTS, INC., an Oregon Corporation, Defendant-Appellant.**

No. 14185.

Court of Appeals of Idaho.

May 15, 1984.

Gary A. Finney, Sandpoint, William W. Nixon, Coeur d'Alene, for plaintiff-respondent.

WALTERS, Chief Judge.

Standard Forest Products, Inc., appeals from a judgment quieting title to certain real property in Bonner Building Supply, Inc. We reverse.

In this case, we consider the effect of a judicial sale to foreclose Bonner's materialman's lien on the rights of Standard, who had purchased the property owner's interest at a sheriff's sale in execution upon a judgment against the owner. Standard's purchase occurred after Bonner's lien arose but prior to foreclosure of the lien. Standard was not made a party to the foreclosure action.

The issues raised on appeal by Standard are: (1) What is the effect, in this quiet title action, of Bonner's failure to verify its claim of lien? (2) Must the purchaser at an execution sale, who acquired the property after the materialman's lien arose but before foreclosure, be named as a party in a foreclosure action by the holder of a materialman's lien to make the foreclosure action and subsequent foreclosure sale binding on that owner? (3) May the statutory redemption period provided in I.C. § 11–401 be waived as to an owner of record who is not made a party to a lien foreclosure action?

We hold that the failure of Bonner to timely join Standard as a party in its materialman's lien foreclosure action resulted in the loss of Bonner's lien as against Standard. However, because we believe that Bonner might be entitled to equitable relief from this result under the unique facts of this case, we remand to the district court for further consideration. In light of our resolution of this case, we do not reach the redemption issue.

I

Standard filed and recorded a judgment in Bonner County, Idaho, which previously had been rendered in an Oregon state court against "Chuck Britton" and others. Stan-

Thomas E. Cooke, Priest River, for defendant-appellant.

dard sought, and received, a writ of execution on the building lot at issue here, owned by Paul Cims. Standard alleges, and Bonner does not dispute, that Cims used the name "Chuck Britton" as an alias. Standard purchased the lot at the sheriff's sale held subsequently and received a sheriff's certificate of sale, which it recorded on February 27, 1978.

Bonner sold building materials to Cims, who was then doing business under his true name. Bonner began delivering the material to Cims' property—the same lot later sold by the sheriff to Standard—on October 31, 1977, before Standard filed its foreign judgment in Idaho. When Cims failed to pay for the materials provided, Bonner filed a notice of claim of lien against the lot. This notice was filed on April 21, 1978, after Standard had executed its judgment against this lot and had purchased the lot at the sheriff's sale. Bonner subsequently brought suit to foreclose its lien, and obtained a judgment by default against Cims, and a judgment by stipulation against Cims' wife.

To complete foreclosure of the Bonner lien the court ordered that the judgment be enforced "by Writ of Execution and levy in the statutory method for execution sales." Standard was not made a party to the foreclosure action or the ensuing sale. At that sale, Bonner purchased the lot and was given a sheriff's certificate of sale, which it recorded on October 2, 1980. After the redemption period expired, Bonner was given a sheriff's deed, which it recorded. As a result of the two sheriff's sales, both Standard and Bonner became the record title owners of the same parcel of property.

Bonner initiated this action to quiet its title against Standard. Bonner moved for summary judgment, arguing that its materialman's lien was superior to Standard's interest in the property and that "[n]o party redeemed from [Bonner's] judgment sale." Standard also moved for summary judgment, contending that, because it was not made a party to Bonner's lien foreclosure action, that action was not determina-

tive of its rights. Standard further argued that because Bonner did not foreclose its lien, as against Standard, within the statutory six-month period provided by I.C. § 45–510, Bonner's lien had expired.

In granting summary judgment for Bonner, the district court below held that no statute mandated the joinder of other "lien-holders or encumbrancers" in a materialman's lien foreclosure action. The court also decided that Bonner did not forfeit its statutory priority by failing to join Standard as a party to its foreclosure action or by failing to foreclose against Standard separately. On the basis of the priority in time of Bonner's claim against the property, the district court quieted title in Bonner.

On appeal from a summary judgment, we must determine whether any genuine issue of material fact remains to be decided. I.R.C.P. 56(c). If no genuine issue of material fact remains, we must determine whether the lower court correctly entered judgment as a matter of law. *Id.*

## II

Standard asserts that Bonner's claim of lien was not verified when it was filed or at any time within the period permitted for filing a claim of lien. Idaho Code § 45–507 requires that a "claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just." The record shows that Bonner's claim of lien was not so verified. The record also shows that Standard did not raise this issue before the trial court, in this action. The issue was raised only at oral argument on appeal in this case and is not discussed in the parties' briefs.

It is well settled that a litigant may not remain silent as to claimed error during a trial and later urge his objections thereto for the first time on appeal. Ordinarily an objection will not be considered on appeal, unless the objection raises a question of jurisdiction, or that the pleading fails to state a cause of action. *Hoppe*

*v. McDonald,* 103 Idaho 33, 644 P.2d 355 (1982).

We must therefore consider whether the specified verification is required to give the lower court jurisdiction over the claim raised here—Bonner's right to title—or to state a cause of action in a quiet title action. If so, then we may consider the verification issue on appeal although it was not raised in the trial court. *Hoppe v. McDonald, supra.*

To adjudicate a given claim, a court must have jurisdiction over the subject matter of the claim and the parties involved. *Wayne v. Alspach,* 20 Idaho 144, 116 P. 1033 (1911). It is apparent that the court below had jurisdiction over the parties. Jurisdiction over the subject matter refers to the authority of the court to exercise judicial power over a particular class or type of dispute. *Id.* "The district court has original jurisdiction ... [i]n all cases and proceedings," I.C. § 1–705, including an action to quiet title. *Whitney v. Randall,* 58 Idaho 49, 70 P.2d 384 (1937). We conclude that the district court had jurisdiction over this action.

To state a cause of action to quiet title, the plaintiff must allege in ordinary and concise terms that he is the owner of the property at issue. *Woll v. Costella,* 59 Idaho 569, 85 P.2d 679 (1938); *Ihly v. John Deere Plow Co.,* 35 Idaho 651, 208 P. 838 (1922). Whether a claim of lien—which was the basis for a previous lien foreclosure action—has been properly verified is an issue which may be important, if properly raised, in determining whether the claimant will prevail on his cause of action. It is not, however, determinative of whether a valid cause of action has been stated.

We conclude that a lack of verification of the lien in the foreclosure action did not affect the jurisdiction of the court in the quiet title action. The existence of a verified lien was not essential to state a cause of action to quiet title. Therefore, because the issue of Bonner's failure to verify its claim of lien is an issue which was not timely raised in this case, it will not be considered in this appeal. *E.g., Hoppe v. McDonald, supra.*

## III

We agree with the trial court that no statute mandates the joinder of specific parties to a lien foreclosure action. In fact, I.C. § 45–1302 indicates to the contrary. It provides:

> In any suit brought to foreclose a mortgage or lien upon real property or a lien on or security interest in personal property, the plaintiff, cross-complainant or plaintiff in intervention *may* make as party defendant in the same cause of action, any person, including parties mentioned in section 5–325, having, claiming or appearing to have or to claim any title, estate, or interest in or to any part of the real or personal property involved therein, and the court shall, in addition to granting relief in the foreclosure action, determine the title, estate or interest of all parties thereto in the same manner and to the same extent and effect as in the action to quiet title. [Emphasis added.]

Before the enactment of I.C. § 45–1302, our Supreme Court had held that a lien foreclosure action must be commenced within six months against the persons versus whose interests the lien is being asserted; otherwise the lien was lost as to those persons. *See Western Loan and Building Co. v. Gem State Lumber Co.,* 32 Idaho 497, 185 P. 554 (1919), *citing D.W. Standrod & Co. v. Utah Implement-Vehicle Co.,* 223 F. 517 (9th Cir.1915); *Continental & Commercial Trust & Savings Bank v. Pacific Coast Pipe Co.,* 222 F. 781 (9th Cir.1915); and *Utah Implement-Vehicle Co. v. Bowman,* 209 F. 942 (D.Idaho 1913). *See also Boise Payette Lumber Co. v. Weaver,* 40 Idaho 516, 234 P. 150 (1925).

In *Western Loan,* Gem State had furnished materials for the construction of a building on a lot at the request of the owner of the lot. Gem State never received payment for its materials. Subsequently, the owner borrowed money from Western Loan, securing that loan with a

mortgage on the lot. Gem State prosecuted an action to foreclose on its materialman's lien, but did not join Western Loan. Later, Western Loan foreclosed on its mortgage. Gem State answered Western Loan's complaint and filed a cross-complaint, setting out its claim of lien and seeking to foreclose that lien against Western Loan. The trial court found that Gem State's lien was prior to Western Loan's mortgage lien and granted Gem State's request for foreclosure against Western Loan.

On appeal, our Supreme Court concluded that Gem State's failure to commence a foreclosure action on its lien against Western Loan, a mortgagee of the property, within the six-month time limit resulted in the loss of Gem State's lien as to Western Loan's interest. 32 Idaho at 500–501, 185 P. at 555. We note that this holding encourages judicial efficiency and finality of litigation by mandating the joinder of all interests and competing claims in a lien foreclosure action.

▮ Notwithstanding the option apparently created by the language of I.C. § 45–1302, we conclude that *Western Loan* is controlling. *Western Loan* demonstrates the result of failing to join a party, albeit optionally, in a lien foreclosure action. If I.C. § 45–1302 were applied so as to terminate the rights of other parties having an interest in the property, where they were not named in a lien foreclosure action simply at the election of the foreclosing claimant, issues of a constitutional dimension could arise. In such a case, holders of other recorded interests in the property could be deprived of valuable property interests without notice and opportunity to be heard—a deprivation of due process. We conclude that I.C. § 45–1302 should not be so applied. A statute must be construed to preserve its constitutionality. *See Scandrett v. Shoshone County*, 63 Idaho 46, 116 P.2d 225 (1941). We thus adhere to *Western Loan* and hold that I.C. § 45–1302 does not enable a materialman to foreclose a lien as against other interested parties

without giving them notice of the proceedings.

▮ Therefore, although Bonner was not required to name Standard as a party to the foreclosure action, under a literal reading of I.C. § 45–1302, the failure to do so left Standard's interest in the property unaffected by the foreclosure. Because Bonner failed to foreclose against Standard within six months of the filing of its claim of lien, it lost its lien against the property in regard to Standard. For the purpose of the instant case, Bonner's lien was extinguished. Standard's interest in the property should be confirmed by the district court, free of Bonner's lien.

▮ However, we also believe that material issues of fact remain to be determined as to whether Standard's ownership interest in the property was a matter of record, knowledge of which could be charged to Bonner. These facts would be relevant to a determination whether Bonner would be entitled to equitable relief from extinguishment of its lien. Primarily, we question whether the conveyance of the lot to Standard, following the sheriff's sale held on Standard's judgment against "Chuck Britton," was recorded under the name of Paul Cims, and thus was within the chain of record title. The record before us does not show whether the purchase of the lot by Standard, following execution of its judgment against "Chuck Britton", was reflected in the county records as a conveyance from Paul Cims. If Bonner could not have found the conveyance to Standard by examining the record of conveyances from Paul Cims, the record owner of the lot, Bonner might be entitled to equitable relief from the loss of its lien rights against Standard's interest in the property.

▮ We remand this case to the district court to resolve this and any other questions which would bear on a decision whether Bonner would be entitled to equitable relief from quieting title in Standard. If the district court determines that Bonner is entitled to equitable relief from the quiet title action, then that relief should be limit-

ed to assuring that Bonner receives payment of the debt secured by its materialman's lien. In deciding whether Bonner should be afforded relief in equity, the district court may also consider the effect of the lack of verification of Bonner's lien—an issue tardily raised on appeal, upon which we express no opinion.

We reverse the judgment entered by the district court and remand the action for further proceedings consistent with this opinion. Costs to appellant, Standard Forest Products, Inc. No attorney fees awarded.

BURNETT and SWANSTROM, JJ., concur.