794 P.2d 648

**In the Matter of the Suspension of the Driver's License of Donald Robert CLAYTON.**

**Donald Robert CLAYTON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 18158.**

Court of Appeals of Idaho.

March 6, 1990.

Rehearing Denied July 31, 1990.

Review Denied Sept. 19, 1990.

Dan J. Rude of Coeur d' Alene, for petitioner-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Donald Clayton appeals a district court's appellate decision affirming a magistrate's order suspending Clayton's driver's license for refusal to submit to a breath-alcohol test. Clayton contends that his license suspension should be set aside and the case remanded because the magistrate failed to enter written findings of fact and conclusions of law. Clayton also contends that because the record does not establish his refusal to take the breath-alcohol test, his driving privileges should be reinstated. For reasons that follow, we join the district court in upholding the magistrate's suspension order.

In the early morning hours of August 18, 1988, a Coeur d'Alene police officer first observed Clayton's vehicle on Masters Drive traveling westbound in the wrong lane of traffic. Clayton proceeded in the wrong lane from one-half to three-quarters of a block before returning to the right side of the street. The police officer noticed Clayton came within one foot of a parked vehicle and that Clayton's vehicle traveled steadily around thirty-five miles per hour. The police officer followed Clayton's vehicle approximately three-quarters of a mile before stopping him. After the stop, Clayton submitted to several field sobriety tests including: reciting the alphabet, counting, walking heel-to-toe, and the gaze nystagmus test. At the conclusion of the tests, the police officer determined that Clayton was intoxicated and arrested him. At the police station, Clayton refused to submit to a breath-alcohol test and the police officer filed an affidavit of refusal to take the alcohol test pursuant to M.C.R. 9.2.

I.C. § 18-8002(4)(b) provides that

(b) A written request may be made within seven (7) calendar days for a hearing before the court; if requested, the hearing must be held within thirty (30) days of the seizure.... The hearing shall be limited to the question of why the defendant did not take the test, and the burden of proof shall be upon the defendant; the court shall suspend all his driving privileges immediately for one hundred eighty (180) days unless it finds that the police officer did not have probable cause to stop and request him to take the test....

Clayton requested a hearing. A magistrate conducted a hearing where the proceedings were recorded. Later, he issued a written order in the form prescribed by M.C.R. 9.2, suspending Clayton's driving privileges under I.C. § 18-8002. Clayton appealed first to the district court. When that court affirmed, Clayton brought this second appeal.

■ Clayton notes that because the suspension of a driver's license for failure to submit to an evidentiary test is a "civil penalty," I.C. § 18-8002(5), the Idaho Rules of Civil Procedure should apply. Particularly, he relies upon I.R.C.P. 52(a), which requires findings of fact and conclusions of law. For the sake of discussion, we will assume that Rule 52(a) is applicable, although we acknowledge that our Supreme Court has not yet stated so specifically. Indeed, the state has noted in this appeal that the *only* rules adopted by our Supreme Court specifically dealing with license suspension hearings under I.C. § 18-8002 are to be found in the Idaho Misdemeanor Criminal Rules. M.C.R. 9.2, 9.3. Moreover, by statute these hearings are special in nature, "limited to the question of why the defendant did not take the test, and the burden of proof shall be upon the defendant." I.C. § 18-8002(4)(b). Accordingly, we do not suggest that all provisions of the I.R.C.P. are fully applicable to these hearings.

In any event, Clayton argues that Rule 52(a) requires *written* findings, citing *Sorenson v. Adams*, 98 Idaho 708, 571 P.2d 769 (1977), *rev'd on other grounds Owen v. Boydstun*, 102 Idaho 31, 624 P.2d 413 (1981). Here, he notes, the magistrate made oral findings, but no written findings, of fact. He argues that under *Sorenson*

the recorded "bench remarks" of the magistrate "do not substitute for nor rise to the dignity of written findings of fact and conclusions of law." 98 Idaho at 713, 571 P.2d at 774. It is true, of course, that a reviewing court may reverse the trial court's decision when findings are absent or inadequate. However, such reversal is unnecessary if the record gives the appellate court a complete understanding of the material issues. *Fahrenwald v. LaBonte,* 103 Idaho 751, 653 P.2d 806 (Ct.App.1982); *see also Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). Here, we hold that the record—including but not limited to the recorded oral pronouncement by the magistrate at the show cause hearing—is sufficient to show the reasons for Clayton's license suspension.

Pursuant to I.C. § 18–8002(4)(d), Clayton had the burden of proving why he did not take the breath-alcohol test. He failed to meet that burden. While Clayton disputes some of the officer's testimony, those facts which are undisputed clearly suffice to show that the officer had probable cause to stop Clayton's vehicle. Once the officer made the stop, his further observations led him to reasonably believe Clayton was operating the vehicle while under the influence of alcohol. Accordingly, we are not persuaded to reverse and remand the case to the trial court for preparation of written findings, as was done in *Sorenson.*

■ Next, Clayton contends that because the record does not establish his refusal to take the breath-alcohol test, his driving privilege should be reinstated. The argument is a technical one, apparently focusing on the fact that the police officer's affidavit of refusal was marked, but not moved into admission, as evidence in the hearing before the magistrate. We think this oversight was harmless. The police officer testified as to the refusal. Moreover, it is apparent from the transcript of the hearing that Clayton's refusal to take the test was never questioned, and it never became an issue until this appeal was taken. Indeed, at one point during the hearing, the prosecuting attorney started to question the officer about whether he had given Clayton the advisory warning which must be given to a driver before his "refusal" will result in a suspension. Clayton's attorney objected, saying this was not an issue. He added, "if it was, we would have been the one to have to prove it in the first place." Other dialogue in the transcript shows that the parties and the court understood the issue *in this case* to be whether the officer had probable cause to stop Clayton based on observations the officer had made about Clayton's driving. In sum, we find no reversible error, nor even a properly preserved claim of error, flowing from the failure to put the affidavit of refusal into evidence. *Matter of Nowoj,* 115 Idaho 34, 764 P.2d 111 (Ct.App.1988) (review denied); *see also Sandpoint Convalescent Services, Inc. v. Idaho Dept. of Health and Welfare,* 114 Idaho 281, 756 P.2d 398 (1988).

The district court's decision upholding the order of suspension is affirmed. Costs to respondent. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.