826 P.2d 468

**In the Matter of the Suspension of the Driver's License of Scott HANSON.**

**Scott HANSON, Petitioner–Respondent,**

v.

**STATE of Idaho, Respondent–Appellant.**

No. 19166.

Supreme Court of Idaho,
Boise, November 1991 Term.

Feb. 13, 1992.

**508**

Larry J. EchoHawk, Atty. Gen., Boise, Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent-appellant. Myrna A.I. Stahman argued.

Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, for petitioner-respondent. R. Keith Roark argued.

BAKES, Chief Justice.

The State filed a petition for review of a decision of the Court of Appeals which affirmed the magistrate court's refusal to suspend the petitioner's driver's license. The sole issue on appeal is whether the magistrate court erred in summarily terminating a driver's license suspension proceeding and returning the license to a driver on the ground that the court did not have jurisdiction to proceed because the affidavit filed by the officer was invalid. We conclude that the magistrate erred.

On September 4, 1988, Scott Hanson (Hanson) was arrested by Officer Curtis Cooley of the Ketchum City Police for driving while under the influence of alcohol. Hanson refused to take an evidentiary test for alcohol concentration of his breath, and Officer Cooley seized his license pursuant to I.C. § 18–8002. That same evening, Officer Cooley prepared and signed the form, "Affidavit of Refusal to Take Alcohol Test," provided for in Misdemeanor Criminal Rule 9.2, and left it on his desk where it was notarized by his secretary the following morning. On September 5, 1988, the Affidavit of Refusal to Take Alcohol Test, along with Hanson's driver's license, was filed with the Blaine County District Court, Magistrate Division.

Hanson filed a Request for License Suspension Hearing pursuant to I.C. § 18–8002(4). At the hearing, Officer Cooley was called as Hanson's first witness. Cooley testified concerning how Hanson's vehicle had rapidly accelerated out of an alley onto Main Street in Ketchum, Idaho, spinning its wheels, throwing gravel, and zigzagging up Main Street to the north. Officer Cooley radioed ahead to another patrol car which stopped Hanson's vehicle. Officer Cooley further testified that when he arrived he administered field sobriety tests to Hanson and he described how Hanson failed to perform those tests. Cooley then testified that he arrested Hanson for DUI, and that Hanson refused to submit to an evidentiary blood alcohol test.

Hanson's attorney further questioned Officer Cooley at the hearing regarding the execution of the Affidavit of Refusal to Take Alcohol Test, and Officer Cooley acknowledged that the affidavit was notarized outside his presence. As a result, the magistrate concluded that the affidavit was invalid, and therefore he had no jurisdiction to proceed further, and he terminated the suspension proceeding. The magistrate, nevertheless, ordered the clerk to return Hanson's driver's license to him.

The State appealed the magistrate's order terminating the hearing to the district

court, which affirmed without opinion. The State appealed the district court's order, and the case was assigned to the Court of Appeals which also affirmed, stating that "where a driver's license or permit is seized pursuant to I.C. § 18–8002, the filing of a valid affidavit is a prerequisite to any proceeding to suspend the driving privileges." The Court of Appeals concluded that "the affidavit presented to the magistrate was ineffective to confer authority upon the court to suspend Hanson's driving privileges." We granted the State's petition for review of the Court of Appeals decision.

When a case comes to this Court on a petition for review of a Court of Appeals decision, we will give serious consideration to the views of the Court of Appeals. However, we review the opinion of the trial court directly. *Clements Farms, Inc. v. Ben Fish & Son,* 120 Idaho 185, 814 P.2d 917 (1991). Further, the issue of the magistrate court's jurisdiction is one of law over which we exercise independent review. *Safeco Ins. Co. of America v. Yon,* 118 Idaho 367, 796 P.2d 1040 (1990).

The magistrate court concluded that Hanson's driving privileges could not be suspended because the court lacked jurisdiction to proceed with the license suspension hearing. The court stated:

THE COURT: The Court does not have jurisdiction to proceed. In my opinion, the law is clear that there must be an Affidavit of Refusal to take a test before the court has jurisdiction over a license suspension hearing.

Rule 9.2 of the Misdemeanor Criminal Rules says the Court shall not accept a license under Section 18–8002 without an accompanying affidavit of the officer in substantially the following form. And part of that form is subscribed and sworn to before me on blank, an official authorized to administer oaths.

Because the affidavit accompanying the license was not subscribed and sworn to in the presence of the notary, the magistrate concluded that the affidavit was invalid, and therefore the court lacked "jurisdiction to proceed."

A court's jurisdiction has two components—jurisdiction of the subject matter and jurisdiction of the person. In *Wayne v. Alspach,* 20 Idaho 144, 149–150, 116 P. 1033, 1035 (1911), this Court described each of those two components of jurisdiction, stating:

"Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind and character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." (Brown on Jurisdiction, p. 4; *Richardson et al. v. Ruddy,* 15 Ida. 488, 98 Pac. 842.) The immediate preceding statement of law is elemental and of universal acceptation. Concluding that the trial judge had jurisdiction over the subject matter of the action, the next inquiry is: Did he have jurisdiction of the persons? Appellants—defendants below—did not raise the question of jurisdiction in the hearing below. Defendants appeared by answer and themselves applied for affirmative relief in nature similar to that asked by plaintiffs; therefore by such general appearance the court without doubt acquired jurisdiction unquestioned by them over their persons and as a consequence, having jurisdiction over the subject matter and having jurisdiction over their persons, acquired and had complete and unquestioned jurisdiction to make the order herein made.

In *Bonner Building Supply, Inc. v. Standard Forest Products, Inc.,* 106 Idaho 682, 682 P.2d 635 (Ct.App.1984), the Idaho Court of Appeals recently reiterated the rule in *Wayne v. Alspach,* stating:

To adjudicate a given claim, a court must have jurisdiction over the subject matter of the claim and the parties involved. *Wayne v. Alspach,* 20 Idaho 144, 116 P. 1033 (1911). It is apparent that the court below had jurisdiction over the parties.

Jurisdiction over the subject matter refers to the authority of the court to exercise judicial power over a particular class or type of dispute.

106 Idaho at 685, 682 P.2d at 638.

In reviewing the trial court's determination that upon discovering the invalidity of the affidavit that the court had "no jurisdiction to proceed," we first address the subject matter component of a magistrate court's jurisdiction in driver's license suspension hearings under I.C. § 18–8002(4).

The 1962 amendment to Article 5, § 2, of the Idaho Constitution provided that the jurisdiction of the magistrate courts "shall be as prescribed by the legislature."[1] I.C. § 18–8002(4)(b) provides that when a person's license is seized by an officer, the person may obtain a hearing before the court if "[a] written request [is] made within seven (7) days." This provision specifically gives subject matter jurisdiction of license suspension proceedings to the district court, and under I.R.C.P. 82(c)(2), "The jurisdiction of an attorney magistrate is the same as a district judge, but the cases assignable to an attorney magistrate shall be those assignable to all magistrates and the following additional cases may be assigned to attorney magistrates when approved by the administrative district judge of a judicial district...." *See also Marks v. Vehlow*, 105 Idaho 560, 564, 671 P.2d 473, 477 (1983) ("An attorney magistrate is a judicial officer of the district court whose jurisdiction is established by legislation, I.C. § 1–2208, 1–2210; under the Idaho Constitution, ID. Const. art. 5, § 2; by rule of the Idaho Supreme Court, I.R.C.P. 82; and by the rules of the respective district courts, *e.g.*, 4th Judicial District Court Rule 3.0 (1979)."). I.C. § 1–2214 provides that, "All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins." I.R.C.P. 82(c)(3) similarly provides that "all

objections to the propriety of an assignment to a magistrate are waived unless a written objection is filed before the trial or hearing begins."

In this case, petitioner Hanson filed a "REQUEST FOR LICENSE SUSPENSION HEARING" in the District Court of the Fifth Judicial District in and for Blaine County and, "pursuant to I.C. § 18–8002," made a "formal request of this court for a hearing upon suspension of license." The case was assigned to Magistrate Daniel L. Alban, and Hanson made no objection to the assignment. Hanson's request for hearing proceeded to a trial before Magistrate Alban and, pursuant to I.C. § 18–8002, was "limited to the question of why the defendant did not submit to, or complete, evidentiary testing, and the burden of proof shall be upon the defendant."

Thus, pursuant to the authority granted in Article 5, § 2, I.C. §§ 18–8002, 1–2208, 1–2210 and I.R.C.P. 82(c)(2), the magistrate court had subject matter jurisdiction to determine whether the police officer had "probable cause to stop and request [Hanson] to take the test." I.C. § 18–8002(4)(b); *Marks v. Vehlow, supra*. Hanson made no objection to the magistrate proceeding to hear his request for license suspension hearing, and therefore any objection to the assignment was waived pursuant to I.C. § 1–2214, and I.R.C.P. 82(c)(3). We conclude that Magistrate Alban clearly had subject matter jurisdiction to consider Hanson's request for license suspension hearing.

Regarding jurisdiction over the persons, Hanson was the petitioner in this case, having filed a Request For License Suspension Hearing "pursuant to Idaho Code Section 18–8002." Both parties appeared before the court voluntarily, requesting relief from the court, and thus personal jurisdiction existed over both litigants. *Wayne v. Alspach, supra* ("[T]herefore, by such gen-

---

1. **[Art. 5] § 2. Judicial power—Where vested.—** The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system

for administration and supervision by the Supreme Court. The jurisdiction of such inferior courts shall be as prescribed by the legislature. Until provided by law, no changes shall be made in the jurisdiction or in the manner of the selection of judges of existing inferior courts.

eral appearance the court without doubt acquired jurisdiction unquestioned by them over their persons ...," 20 Idaho at 150, 116 P. 1033.); *Nilsson v. Mapco,* 115 Idaho 18, 764 P.2d 95 (Ct.App.1988). With both jurisdiction over the subject matter and personal jurisdiction over the parties, the magistrate court erred when it concluded that "the court does not have jurisdiction to proceed." [2]

The Court of Appeals, in affirming the magistrate's order, did not directly address the magistrate's conclusion that the court had no jurisdiction to proceed in the matter. Rather, the Court of Appeals concluded that, under I.C. § 18–8002, "the filing of a valid affidavit is a prerequisite to any proceeding to suspend the driving privilege," and that Officer Cooley's affidavit "was ineffective to confer authority upon the court to suspend Hanson's driving privileges." The Court of Appeals did not state whether or not its holding that the affidavit was "ineffective to confer authority upon the court" was the equivalent of the magistrate's finding of lack of jurisdiction. The court cited no authority for its holding that the affidavit was ineffective to confer "authority" upon the magistrate court. If the use of the word "authority" by the Court of Appeals was intended as an affirmation of the trial court's holding that it did not have subject matter jurisdiction because of the invalid affidavit, the Court of Appeals' ruling was in error for the same reasons that we have held that the magistrate erred in concluding that it did not have subject matter jurisdiction. The Court of Appeals did not expressly refer to lack of subject matter jurisdiction; however, its statement that the affidavit was "ineffective to confer authority upon the court" was that court's way of stating, in an earlier case, a lack of subject matter jurisdiction. *Bonner Building Supply v. Standard Forest,* 106 Idaho 682, 685, 682 P.2d 635, 638 (Ct.App.1984) ("Jurisdiction over the subject matter refers to *the authority* of the court to exer-

cise judicial power over a particular class or type of dispute." (Emphasis supplied.)). Presumably the Court of Appeals was referring to subject matter jurisdiction. As we have explained above, the magistrate did have subject matter jurisdiction.

■ If the Court of Appeals statement that the affidavit "was ineffective to confer authority upon the court to suspend Hanson's driving privileges" was a determination that the filing of a valid affidavit is a statutory condition precedent for a magistrate to conduct a license suspension hearing under § 18–8002(4)(b), we hold that that conclusion is also erroneous. I.C. § 18–8002(4) does not require an affidavit where the driver has requested a timely hearing on the suspension of his license. The pertinent portions of I.C. § 18–8002(4) and (5) read as follows:

**18–8002. Tests of driver for alcohol concentration, presence of drugs or other intoxicating substances.—....**

....

(4) If the motorist refuses to submit to or complete evidentiary testing after the information has been given in accordance with subsection (3) above:

(a) His driver's license or permit shall be seized by the police officer and forwarded to the court and a temporary permit applicable to class D driving privileges only, shall be issued by the police officer which allows him to operate a motor vehicle until the date of his hearing, if a hearing is requested, ...;

(b) A written request may be made within seven (7) calendar days for a hearing before the court; if requested, the hearing must be held within thirty (30) days of the seizure.... The hearing shall be limited to the question of why the defendant did not submit to, or complete, evidentiary testing, and the burden of proof shall be upon the defendant; ...;

(c) *If a hearing is not requested by written notice to the court concerned with-*

---

2. Even though the magistrate court stated that it had no jurisdiction to proceed in the case, the court nevertheless ordered the clerk of the court to return Hanson's driver's license to Hanson's counsel, rather than returning it to the police

officer who had deposited it with the court. The court's order returning Hanson's license to him was inconsistent with the court's conclusion that it did not have jurisdiction to proceed in the case.

*in seven (7) calendar days, upon receipt of a sworn statement by the police officer of the circumstances of the refusal, the court shall suspend his driving privileges* for one hundred eighty (180) days....

(5) Any suspension of driving privileges under this section shall be a civil penalty separate and apart from any other suspension imposed ... for a conviction of an offense pursuant to this chapter.... (Emphasis supplied.)

Nothing in I.C. § 18–8002(4)(b) requires an affidavit where there has been a request by the driver for a hearing on his license suspension. If such a hearing is requested, then the court's decision will be based upon the evidence and testimony admitted at the hearing, not on any affidavit. *Matter of Clayton*, 118 Idaho 59, 794 P.2d 648 (Ct.App.1990). The only requirement for an affidavit is contained in subsection (4)(c), which states, "If a hearing is not requested by written notice to the court concerned within seven (7) calendar days, upon receipt of a sworn statement by the police officer of the circumstances of the refusal the court shall suspend his driving privileges...." Since Hanson made a timely request for hearing, which was actually in progress at the time that the court concluded that it did not have jurisdiction to proceed, there was no statutory condition precedent requiring the filing of an affidavit in order to give the court jurisdiction to conduct a hearing based upon the driver's timely request. Therefore, the Court of Appeals' statement that under I.C. § 18–8002 "the filing of a valid affidavit is a prerequisite to any proceeding to suspend the driving privilege" was an erroneous interpretation of I.C. § 18–8002(4).

The legislature has stated that the suspension of driving privileges pursuant to I.C. § 18–8002 is a "civil penalty," separate and apart from any suspension imposed for a conviction of a DUI offense. I.C. § 18–8002(5). We have recently held in *Richardson v. One 1972 GMC Pickup*, 121 Idaho 599, 826 P.2d 1311 (1992), involving a similar civil forfeiture statute in a drug arrest context, that where the legislature has

stated that forfeiture proceedings under 37–2744 are "civil actions against the property subject to forfeiture," that the Idaho Rules of Civil Procedure are applicable. Since the suspension of driving privileges under § 18–8002 is a "civil penalty," under the *Richardson* case, the more liberal pleading rules of the Idaho Rules of Civil Procedure are applicable to these proceedings. Nothing in the Idaho Rules of Civil Procedure or in I.C. § 18–8002(4)(c) requires an affidavit as a statutory condition precedent to the court conducting and concluding a hearing where a written request has been made by the driver whose license has been seized.

■ Finally, in concluding that he did not have jurisdiction, the magistrate made reference to Rule 9.2 of the Misdemeanor Criminal Rules, noting that the rule "says [that] the Court shall not accept a license under Section 18–8002 without an accompanying affidavit of the officer in substantially the following form." This statement by the magistrate could be construed as interpreting Rule 9.2 as creating a procedural condition precedent to the court's exercise of its jurisdiction to suspend a license. As explained above, there is no statutory procedural condition precedent to the trial court exercising its jurisdiction, as the Court of Appeals had held, nor is there anything in the Idaho Rules of Civil Procedure creating such a condition precedent. The statute only requires an affidavit if no hearing has been requested.

The language in Rule 9.2 that, "The court shall not accept a license seized under Section 18–8002, Idaho Code, without an accompanying affidavit of the officer ...," was adopted in 1983. The commentary to the 1983 meeting of the Misdemeanor Rules Committee explains that the language was added to address an administrative, not an adjudicative, problem. The reporter advised the committee that:

When we met with the legislative committee over the new DUI law, they made it clear that they wanted the suspension of a license for failure to take an alcohol test a ministerial act by the judge (see page 5 of legislative report), and they did

not want all of this business of examining the affidavit by the four corners to determine whether it constituted prima facie evidence of refusal to take the test. The new section 18–8002(4)(c) states that if the defendant does not request a hearing within seven days, then, "upon receipt of a sworn statement by the police officer of the circumstances of the refusal, the court shall suspend his driving privileges for 120 days." In talking to some judges and administrators, the fear was expressed that the officer would seize the license and send it to the court and wait to see whether a hearing was requested. If no hearing was requested the officer might then send his affidavit for suspension of a license. This would cause a real problem in keeping track of the license and placing it with the affidavit, etc. For this reason I would propose to include in the rule the provision that the court will not accept the seized license unless it is accompanied by the affidavit. As will be seen subsequently, if the court receives the affidavit and the seized license together, the court merely waits until seven days after the seizure

of the license in which to enter the automatic suspension. If a hearing is requested, then there is no suspension until after the hearing.

. . . .

I might mention that it now seems that the affidavit of the officer is actually superfluous, but it is nevertheless still included in the statute. I say that it is superfluous inasmuch as if the defendant does not request a hearing within seven days, the court must automatically enter the order of suspension without examining the sufficiency of the affidavit. The only purpose of the affidavit under the new law is to advise the court as to the date upon which the license was seized so as to compute the seven-day period within which the defendant may request a hearing. Because the affidavit is not examined to determine its sufficiency, it is unfortunate that the law still requires an affidavit. It would seem that it would now be better to merely have the officer make a certificate as to the date upon which he seized the license.[3]

3. If a hearing is requested under I.C. § 18–8002(4)(b), the sole issue which the court must determine is whether "the police officer did not have probable cause to stop and request [the defendant] to take the test or the request violated his civil rights." If no hearing is requested, then, under M.C.R. 9.2(b), "The duty of the judge to enter such an order [of suspension] is a ministerial duty in which the judge has no discretion as to whether the order is to be entered."

The form of the affidavit required is set out in Rule 9.2. It does not require a factual showing of probable cause, but merely contains the conclusory statement that the police officer "had reasonable grounds to believe that _____, (hereinafter "defendant") had been driving or in actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substance." The form affidavit set out in Rule 9.2 reads as follows:

AFFIDAVIT OF REFUSAL

TO TAKE ALCOHOL TEST

DOB_____  )
DL or SS#_____  )
Address _____  )

STATE OF IDAHO          )
COUNTY OF _____    )

_____, being first sworn, states:
I am an authorized peace officer, and on the _____ day of _____, 19_____, at _____ o'clock _____. M., I had reasonable grounds to believe that _____, (hereinafter "defendant") had been driving or in actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substance.

The Committee commentary suggests that the reason for adding the requirement that the affidavit accompany the license to the court was because without the affidavit the court did not know when the license was seized, and so would not know when the seven-day period for requesting a hearing expired. Also, if the affidavit was filed after the license was deposited with the court, the clerks might have a difficult time connecting the license with the affidavit. The 1983 language in M.C.R. 9.2 addresses an administrative problem and cannot reasonably be construed as establishing a condition precedent to the court exercising the jurisdiction and duty conferred on it by I.C. § 18–8002(b).[4] *Ward v. Lupinacci,* 111 Idaho 40, 41, 720 P.2d 223, 224 (Ct.App. 1986) ("As a matter of policy, any jurisdictional consequence of a rule should be plainly expressed in the rule itself."). Where a hearing has been requested, the affidavit does not play any role in the adjudicative process. *Matter of Clayton,* 118 Idaho 59, 61, 794 P.2d 648, 650 (Ct.App. 1990) ("In sum, we find no reversible error, nor even a properly preserved claim of error, flowing from the failure to put the affidavit of refusal into evidence.").

Accordingly, we conclude that the magistrate erred in terminating the license suspension proceeding because it concluded that the affidavit was invalid. No affidavit was necessary where a hearing under I.C. § 18–8002(b) had been timely requested by the driver.

The Court of Appeals opinion and the district court's order are vacated. The order of the magistrate court terminating the suspension hearing for lack of jurisdiction is reversed, and the cause remanded for further proceedings consistent with this opinion. Costs to appellant. No attorney fees allowed.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.

I asked defendant to take an evidentiary test for alcohol concentration, informing him of the consequences of refusal as stated in Section 18–8002(3), Idaho Code. Defendant refused the test, as follows: _____

Therefore, I advised the defendant that his driving privileges and license were seized and his driver's license,
☐ Was seized and is attached.
☐ Was not seized because it was not on his person.

Peace Officer

Subscribed and sworn to before me on _____, 19____.

Official authorized to Administer Oaths

**4.** While the clerk's office might well be justified under M.C.R. 9.2 in refusing to accept a license from an officer which is not accompanied by an affidavit, where a license has been seized and the licensee requests a hearing for return of the license pursuant to I.C. § 18–8002(b), the affidavit plays no part in that hearing, and whether or not the affidavit was properly notarized does not affect the court's jurisdiction to conduct the hearing provided for in I.C. § 18–8002(b).