700 P.2d 81

Marjorie JONASSON, Acting in her Official Capacity as Treasurer for the County of Ada, Plaintiff-Respondent,

v.

David R. GIBSON, d/b/a Gibson Sale & Manufacturing, Defendant-Appellant.

No. 15152.

Court of Appeals of Idaho.

April 17, 1985.

David R. Gibson, pro se.

Greg H. Bower, Ada County Pros. Atty., Stephen A. Bradbury, Deputy Pros. Atty., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

The plaintiff, Marjorie Jonasson, acting in her capacity as treasurer of Ada County, brought this suit in magistrate division to enforce a warrant of distraint and to collect delinquent personal property taxes assessed against the defendant, David Gibson. *See* I.C. § 63–1301 *et seq.* Gibson challenged both the subject matter and personal jurisdiction of the trial court; Jonasson moved for summary judgment. The court held hearings on the jurisdictional challenge and on the motion for summary judgment the same day. The magistrate found that he did have jurisdiction over both Gibson and the subject matter of the suit, that no genuine issues of material fact remained to be decided, and that Jonasson was entitled to judgment as a matter of law. Accordingly, the magistrate granted summary judgment to Jonasson. Jonasson was also awarded attorney fees under I.C. § 12–121 after a hearing before a second magistrate. Gibson appealed to the district court, which affirmed the magistrates' decisions. Gibson has now appealed to us. We also affirm.

■ Gibson raises four issues on appeal. The first three concern the jurisdiction of a magistrate to try the case and enter judgment: (1) is summary judgment proper when· jurisdiction is challenged; (2) can a "court of equity," to use Gibson's words, obtain personal jurisdiction over a defendant absent his consent; and (3) did the magistrate have subject matter jurisdiction over the suit? The fourth issue concerns a question which, of late, has received extensive airings before this court, i.e., whether a state can compel payment of a judgment in federal reserve notes. It does not merit much discussion. We simply note it is well-settled that federal reserve notes are legal tender for all debts, including judgments rendered by a state court. *See State v. Gibson,* 108 Idaho 202, 697 P.2d 1216 (Ct. App.1985); *Herald v. State,* 107 Idaho 640, 691 P.2d 1255 (Ct.App.1984). We need not address again Gibson's constitutional arguments about legal tender.

■ We now turn to the jurisdictional issues. Gibson initially contends that summary judgment is improper when the jurisdiction of the trial court is challenged. Following service of the complaint upon Gibson, he filed a "Special Appearance To Challenge Jurisdiction." Jonasson then filed her motion for summary judgment. The magistrate ruled first that he had jurisdiction over both the subject matter of the suit and the parties. After this ruling, he heard argument from both parties on Jonasson's motion for summary judgment and, determining that no genuine issues of material fact remained, granted the motion. Thus, summary judgment was not granted while there was an outstanding jurisdictional challenge. Gibson was given the opportunity to address the merits of the case on the motion for summary judgment and he exercised it. We find nothing defective with this procedure.

■ "To adjudicate a given claim, a court must have jurisdiction over the subject matter of the claim and the parties involved." *Bonner Building Supply, Inc. v. Standard Forest Products, Inc.,* 106 Idaho 682, 685, 682 P.2d 635, 638 (Ct.App. 1984). Gibson contends that the trial court had no personal jurisdiction over him because it was acting as a court of equity and a court of equity cannot exercise such jurisdiction without the consent of the parties before it. We note that the Idaho Constitution has eliminated the distinction between equity and law: "The distinctions between actions at law and suits in equity, and the

forms of all such actions and suits, are hereby prohibited; and there shall be in this state but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action." Idaho Const. art. V, § 1; *see also* Idaho Const. art. XXI, § 2; I.C. § 73–116. Thus, the jurisdiction of the court is not dependent upon whether the action is characterized as equitable or legal.

Our analysis of the merits of the issue involves a two-step process. We must determine the basis of jurisdiction and, then, the sufficiency of process. "A court cannot exercise personal jurisdiction over a party unless a proper basis exists. Basis refers to the relationship between the party and the territory of the state from which the court's authority derives." R. CASAD, JURISDICTION IN CIVIL ACTIONS ¶ 1.01(2)(a) (1983) (hereinafter "Casad, *Jurisdiction*"). Consent is not now, nor has it ever been, the *sole* basis of personal jurisdiction. In addition to consent, there are two other traditional bases of jurisdiction—presence and domicile. *Id.* at ¶ 2.02(1)(a)(i); *see also Pennoyer v. Neff,* 5 Otto 714, 720, 95 U.S. 714, 720, 24 L.Ed. 565 (1878). Under the theory of jurisdiction enunciated in *Pennoyer,* the defendant's "physical connection to the state by virtue of his residence is an adequate basis for personal jurisdiction." Casad, *Jurisdiction* ¶ 2.02(2)(b)(i). Although the theory of jurisdiction has changed somewhat since *Pennoyer,* residence is still an adequate basis. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 27 (1971). The basis of the trial court's exercise of personal jurisdiction over Gibson was his residence in this state.

The second step in our analysis involves the process by which the court obtains jurisdiction over a party. Under early English common law this was often done by a writ *capias ad respondendum* or civil arrest. Under such a writ, the party sued was taken into custody to assure his appearance before the court. This practice never caught on in the United States. Instead, "service of process" was the means by which the defendant was brought, legally if not physically, before the court. The manner of service is constrained by due process considerations. However, personal service of a defendant within the borders of the state of his residence is always sufficient to invoke the jurisdiction of a court of that state. *See* Casad, *Jurisdiction* ¶ 2.03 at 2–29. Gibson was personally served, thus he was legally before the court. *See* I.R.C.P. 4(d)(2). The two-prongs having been satisfied, the trial court had personal jurisdiction over Gibson.

Gibson next argues that the magistrate had no subject matter jurisdiction because no evidence was produced "to prove the existence of personal property or if it did exist that it belonged or was owned by" Gibson. On the other hand, Gibson concedes that the magistrate had jurisdiction over the general subject matter of personal property taxation. *In Boughton v. Price,* 70 Idaho 243, 249, 215 P.2d 286, 289 (1950), our Supreme Court held: "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong...." Idaho Code § 1–2208(1)(a)(6) gives magistrates jurisdiction over actions to collect taxes. Therefore, even without Gibson's concession, the magistrate had subject matter jurisdiction over the suit brought against him. Gibson's argument that the respondent failed to prove he owned property, although germane to the underlying merits of the case, is irrelevant to the question of subject matter *jurisdiction.* We echo the respondent's brief on appeal: subject matter jurisdiction does not depend upon whether the particular case presents a cause of action. *See Boughton v. Price, supra.*

Accordingly, we affirm the district court's order which affirmed the magistrates' judgments. Jonasson also requests attorney fees on appeal under I.C. § 12–121. Since we believe that this appeal was pursued unreasonably and without founda-

tion, we award attorney fees to respondent, Jonasson, in addition to costs.

WALTERS, C.J., and BURNETT, J., concur.