768 P.2d 790

Elsie CHILDERS, Acting in her Official Capacity as Treasurer for the County of Jerome, Plaintiff–Respondent,

v.

Martin N. WOLTERS, Defendant–Appellant.

No. 17233.

Court of Appeals of Idaho.

Dec. 30, 1988.

Martin N. Wolters, pro se.

John L. Horgan, Jerome County Prosecutor, for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion, dated September 6, 1988, is hereby withdrawn.

## PER CURIAM.

This is a property tax dispute. Martin Wolters appeals from a decision of the district court upholding a magistrate's entry of judgment for delinquent taxes assessed by the Jerome County Treasurer. We are presented with three issues: (1) whether I.C. § 63–1204 establishes a two-year period of limitation upon suits to collect personal property taxes; (2) whether such taxes are unconstitutional because they are payable in federal reserve notes; and (3) whether the district court abused its discretion in awarding attorney fees to the county. For reasons explained below, we affirm the district court's decision as to Wolters' tax liability, but we vacate the court's award of attorney fees on appeal.

The undisputed facts may be stated briefly. Wolters was assessed personal

property taxes for the years 1983–1985 by the Jerome County Treasurer. When Wolters failed to pay the assessments, warrants of distraint were issued approximately thirty to sixty days after each successive payment became delinquent. *See* I.C. §§ 63–1303 to –1310. The warrants directed the Jerome County Sheriff to seize items of Wolters' property which then would be sold to satisfy each year's tax obligation. Wolters did not allow peaceful access to his property. Therefore, the treasurer, acting in her official capacity, filed suit in the magistrate division of the district court, seeking the unpaid taxes plus costs and attorney fees. Wolters, representing himself *in propria persona*, answered the complaint. The county then moved successfully for summary judgment and Wolters appealed. The district court affirmed the judgment and awarded attorney fees under I.C. § 12–121. Wolters appealed again, bringing the case to us.

We first discuss Wolters' argument that the county's lawsuit was barred by a two-year period of limitation allegedly contained in I.C. § 63–1204. The statute provides, in part, that "[t]axes on personal property shall not be subject to assessment or collection at any time after the second calendar year following the year for which such tax is imposed." Here, as noted, Wolters' property had been timely assessed for the years 1983, 1984 and 1985. The county undertook promptly, albeit futilely, to obtain payment by issuance of a warrant of distraint on each assessment. Suit was filed in 1986. Upon these facts Wolters asserts that "collection" through this lawsuit is time-barred, at least with respect to the 1983 assessment.

■ The district court opined that Wolters had raised this issue for the first time on appeal. Indeed, the pleadings in the magistrate division made no reference to a statute of limitation. It is well settled that any defense based on such a statute must be specifically pleaded. I.R.C.P. 8(c), 9(h). Absent a proper pleading, the defense is waived unless the issue thereafter is tried *by consent. Hartwell Corp. v. Smith,* 107 Idaho 134, 686 P.2d 79 (Ct.App.1984). This case, of course, was not tried; however,

the magistrate conducted a hearing on the county's motion for summary judgment. A minute record of that hearing discloses that Wolters submitted several exhibits, which were admitted without objection. Although the exhibits are not in the record before us, Wolters represents—and the county does not dispute—that one of the documents ("Exhibit B") was a copy of I.C. § 63–1204. Under these circumstances we will treat the statute of limitation issue as having been preserved on appeal. In doing so, we note that the district judge also deigned to address the issue on its merits, as a matter of "fairness and justice" to Wolters.

■ The district judge correctly noted that I.C. § 63–1204 contains none of the language commonly found in statutes of limitation. It does not state that a suit or "action" may be brought only within a designated time. *Compare, e.g.,* I.C. §§ 5–201 to –244. Rather, in the language quoted above, it simply provides that personal property taxes "shall not be subject to assessment or collection at any time after the second calendar year...." This language was added to the statute in 1975 for the purpose of "giv[ing] the Tax Collector the right to collect taxes on Personal Property that escapes taxation in a previous year." *Statement of Purpose,* R.S. 2025 (House Bill No. 8), enacted as Chapter 235, 1975 Idaho Sess. Laws. Thus, the Legislature intended to enlarge the county's tax collecting power by enabling it to reach property overlooked in the preceding year. The Legislature did not intend to diminish the county's power by creating a new limitation upon actions in court to collect unpaid taxes.

■ The time limit for such actions is found not in I.C. § 63–1204 but in I.C. § 5–218(1). The latter statute requires any "action upon a liability created by statute" to be filed within three years. A county tax upon real or personal property is a "liability created by statute." *See Lemhi County v. Boise Livestock Loan Co.,* 47 Idaho 712, 718, 278 P. 214, 217 (1929) (construing predecessor version of I.C. § 5–218(1)). The present action was

brought within three years after the delinquency occurred on personal property taxes assessed in the years 1983–85. We conclude that the action is not time-barred as to the tax owed for any of those years.

■ Wolters next contends that the county cannot impose property taxes payable in federal reserve notes because such notes, in Wolters' view, are not legal tender. This is, in essence, a reformulation of an argument rejected by this Court on several prior occasions. *See, e.g., Jonasson v. Gibson*, 108 Idaho 459, 700 P.2d 81 (Ct.App.1985) (suit by county treasurer to enforce warrant of distraint and to collect delinquent personal property taxes); *State v. Gibson*, 108 Idaho 202, 697 P.2d 1216 (Ct.App.1985); *Herald v. State*, 107 Idaho 640, 691 P.2d 1255 (Ct.App.1984). Wolters' argument apparently is sincere, but it merits no further discussion here.

■ Finally, Wolters contends that the district court abused its discretion by awarding attorney fees to the county under I.C. § 12–121. The district court determined that Wolters' appeal from the magistrate's judgment was frivolous. However, the court also noted that the statute of limitation issue was "[n]ot entirely without merit...." In our view, Wolters presented a genuine question as to whether this action was time-barred in connection with the tax assessed in 1983. He did not prevail on that question, but the test under I.C. § 12–121 is not whether he prevailed; it is whether the position he advocated was so plainly fallacious that it was not fairly debatable. *Gulf Chemical Employees v. Williams*, 107 Idaho 890, 693 P.2d 1092 (Ct.App.1984). We decline to so characterize Wolters' position. On the other hand, we deem it clear that the statute of limitation issue was inapplicable to the taxes assessed in 1984 and 1985. The only issue raised in opposition to the county's claims for those years was Wolters' contention that federal reserve notes are not legal tender. We hold that this issue, albeit sincerely raised, was frivolous. *Jonasson v. Gibson, supra.*

Thus, although the county prevailed as to all issues presented on appeal to the district court, the amount awarded as attorney fees under I.C. § 12–121 should be tailored to issues raised frivolously, unreasonably or without foundation. Accordingly, we vacate the award and remand the case to the district judge for a redetermination of the appropriate amount.

In summary, the district court's decision, upholding the magistrate's judgment, is affirmed as to Wolters' tax liability. The district court's award of attorney fees on appeal is vacated and the case is remanded on that issue. With respect to the instant appeal, the county shall receive its costs and an award of attorney fees, tailored as we have described. The amount shall be determined pursuant to I.A.R. 41(d).