807 P.2d 1289

Edward J. (Jack) GAGE and Betty Gage, husband and wife, Plaintiffs–Respondents,

v.

Chalon A. HARRIS, Defendant–Appellant.

No. 18648.

Court of Appeals of Idaho.

March 25, 1991.

Chalon A. Harris, pro se.

Everett D. Hofmeister, Coeur d'Alene, for plaintiffs-respondents.

SWANSTROM, Judge.

This action began as a suit to quiet title and to recover possession of real property located in Idaho. Chalon Harris appeals from the district court's memorandum opinion and order granting title to and possession of the property to Betty and Edward Gage. Harris raises numerous arguments in his appellate brief; however, only three of these contentions were properly preserved on appeal. Accordingly, the issues we discuss are: (1) whether the district court had subject matter jurisdiction over this controversy, (2) whether the district

court had personal jurisdiction over the defendant, and (3) whether summary judgment was appropriate. For reasons explained below, we affirm.

R.C. and Patsy Lane were the record owners of the real property in dispute, located in Kootenai County, Idaho. On or about November 16, 1988, the Lanes conveyed an interest in the property to Chalon Harris, a resident of Idaho, through a document entitled "Notice of Interest and Intent to Transfer." The document recited that the Lanes would release their interest in the property upon the fulfillment of certain stipulated conditions, one of which was the payment of at least $15,000 to R.C. Lane, the exact amount to be determined by the market value of certain security.

Shortly thereafter, because Harris allegedly had failed to pay taxes owed to the federal government, a federal tax lien was attached to the real property by the Internal Revenue Service (IRS). The property was sold by the IRS at public auction on December 9, 1988. At the conclusion of the sale, an IRS officer issued a certificate of sale to Betty and Edward Gage. On June 12, 1989, after the expiration of the 180 day redemption period, the Gages received a quitclaim deed to the property from the IRS. However, Harris remained in possession of the property.

Two days later, the Gages tendered, unsuccessfully, $15,000 to the Lanes as the remaining indebtedness owed by Harris on the property. The Gages served a "Notice to Quit" on Harris and posted it on the real property. The Lanes did not "release" their complete interest in the property to the Gages. Harris ignored the notice to quit the premises and continued in possession of the property. On July 20, 1989, the Gages filed a complaint against Harris, the Lanes, and all other persons who claimed an interest in the property, seeking to obtain title to and possession of the property and damages. Seven days later, Harris was personally served in Idaho with a copy of the summons and complaint. On August 18, he filed an answer to the complaint.

The Gages moved for summary judgment. The district court conducted a hearing on November 14, 1989. Following the hearing, the district court granted summary judgment in favor of the Gages. The Gages were awarded title to and possession of the property and were granted a writ of assistance to remove Harris from the property. No relief was granted against the Lanes because there was no evidence showing that they had been served with process. This appeal by Harris followed.

 Before we begin our discussion of the jurisdictional issues raised on appeal, we note our standard of review. Subject matter jurisdiction presents a question of law which we freely review. *Peter Starr Production Co. v. Twin Continental Films, Inc.*, 783 F.2d 1440 (9th Cir.1986). Likewise, personal jurisdiction over a defendant is governed by the same standard of review. *Beco Corp. v. Roberts & Sons Const. Co.*, 114 Idaho 704, 760 P.2d 1120 (1988), *rev'd on other grounds, sub nom., Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 803 P.2d 978 (1990).

## SUBJECT MATTER JURISDICTION

 Harris contends that the district court lacked jurisdiction to hear and adjudicate this controversy. Our Supreme Court has defined "subject matter jurisdiction" as the power to hear and determine cases over a general class or type of dispute. *Boughton v. Price*, 70 Idaho 243, 215 P.2d 286 (1950); *Jonasson v. Gibson*, 108 Idaho 459, 700 P.2d 81 (Ct.App.1985). Article 5, Section 20, of the Idaho Constitution provides that the district court shall have original jurisdiction to hear all cases, both at law and in equity. In addition, I.C. § 6–401 and I.C. § 6–418 authorize the district court to hear actions to quiet title to and regain possession of real property. Therefore, we hold that the district court had subject matter jurisdiction over the suit brought by the Gages. *See, e.g., Whitney v. Randall*, 58 Idaho 49, 70 P.2d 384 (1937); *Bonner Bldg. Supply, Inc. v. Standard Forest Products, Inc.*, 106 Idaho 682, 682 P.2d 635 (Ct.App. 1984).

## PERSONAL JURISDICTION

■ Next, Harris argues that the district court did not have personal jurisdiction over him. We note that Harris answered the Gages' complaint on August 18, 1989. The ten-page answer contains no challenge to the district court's jurisdiction over the subject matter or over Harris personally. According to the record on appeal, Harris did not raise any jurisdictional challenge until after the court conducted a hearing on the Gages' request for summary judgment on November 14, 1989. Three days later he filed a "special appearance" to challenge jurisdiction.

Under I.R.C.P. 12(b) and (h) a defense of lack of jurisdiction over the person is waived if not raised by a timely motion or by the first responsive pleading. *Quintana v. Quintana*, 119 Idaho 1, 802 P.2d 488 (Ct.App.1990). Nevertheless, for reasons which are not apparent in the record on appeal, the district court addressed the merits of both of Harris' jurisdictional arguments.

Harris did not challenge the adequacy of the service of process. He asserts that he is a citizen of the State of Idaho and a resident of Coeur d'Alene, in Kootenai County. The district court found that he had been personally served with process in this action in Kootenai County. By this service the district court acquired personal jurisdiction over Harris. *Jonasson v. Gibson, supra.*

## SUMMARY JUDGMENT

■ Lastly, Harris contends that the district court erred by granting the Gages summary judgment. Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). When a jury trial is requested, as it was here, all facts in the record, together with all reasonable inferences are to be viewed in the light most favorable to the nonmoving party. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). Here, Harris asserts that summary judgment was improper because there were material facts which needed to be deter-mined by a jury. However, we believe the record suggests otherwise. As pointed out by the district court, the following facts are undisputed: there was an agreement between the Lanes and Harris for the conveyance of the property to Harris upon the completion of certain stipulated conditions; the IRS attached a tax lien to the property because Harris allegedly failed to pay taxes owed to the federal government; the Gages purchased Harris' interest in the property at a public sale; the Gages received a certificate of sale following the public auction; the time for redemption passed, and a quitclaim deed was issued to the Gages by the IRS. Because we believe that there are no genuine issues of fact which need to be resolved by a jury, we hold that the Gages are entitled to summary judgment as a matter of law.

■ Harris argues, however, that his Seventh Amendment right to a jury trial was violated when the district court granted summary judgment. We disagree. Where, as here, there are no genuine issues of material fact to be decided, the granting of summary judgment will not result in depriving a party of any constitutional right to a trial by jury. *Sengupta v. Morrison–Knudsen Co., Inc.*, 804 F.2d 1072 (9th Cir.1986); *Cagle v. Carlson*, 146 Ariz. 292, 705 P.2d 1343 (Ct.App.1985), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 365 (1986).

Accordingly, we affirm the district court's memorandum opinion and order granting summary judgment to the Gages. The Gages also seek costs and attorney fees on appeal pursuant to I.C. § 12–121. Because we believe that this appeal was brought without any reasonable legal foundation, we award attorney fees and costs to the Gages. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

WALTERS, C.J., and SILAK, J., concur.