952 P.2d 905

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Leroy LAW, Defendant–Appellant.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard DRENNON, Defendant– Appellant.**

Nos. 22214, 22215.

Court of Appeals of Idaho.

Nov. 13, 1997.

Rehearing Denied Jan. 13, 1998.

Review Denied March 30, 1998.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendants-appellants.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for plaintiff-respondent. L. LaMont Anderson argued.

LANSING, Chief Judge.

This is a consolidated appeal from a district court's orders in the criminal cases relinquishing jurisdiction over the defendants following their second evaluation in the retained jurisdiction program. For the following reasons, we affirm the district court's orders.

## PROCEDURAL HISTORY

In two unrelated cases presided over by Third District Judge Dennis Goff, both David Law and Richard Drennon, the appellants, were convicted of lewd conduct with a child under sixteen years of age, I.C. § 18–1508. Drennon was sentenced to life in prison with an eighteen-year minimum term of confinement, while Law received a unified forty-year sentence with a ten-year minimum term. Judge Goff retained jurisdiction in each case under I.C. § 19–2601(4), and the appellants were sent to the North Idaho Correctional Institution (NICI) to be evaluated as possible candidates for probation. After receiving reports from the NICI jurisdictional review committee indicating that neither man was recommended for probation, Judge Goff issued orders relinquishing jurisdiction and requiring that each serve the sentence originally imposed.

Both Law and Drennon then filed applications for post-conviction relief pursuant to I.C. § 19–4901. In these applications they challenged the constitutionality of the jurisdictional review hearing procedures followed at NICI. They argued, *inter alia,* that the jurisdictional review committee did not give them adequate notice or time to develop a response to the reports, testimony, and recommendations used by the committee in reaching its unfavorable evaluations of Law's and Drennon's suitability for probation. Their post-conviction actions, as well as those of several other inmates based on similar claims, were consolidated. These consolidated cases were assigned to Third District Judge Jim R. Doolittle for disposition. Following a hearing, Judge Doolittle determined that the procedures followed at NICI had violated the inmates' rights to due process of law. To remedy the violations, Judge Doolittle ordered that the inmates receive a new evaluation by the Department of Corrections.

Shortly after issuing this order, Judge Doolittle retired from the bench. The State then reopened the consolidated post-conviction actions by filing a motion for reconsideration of Judge Doolittle's order. At the request of Judge Goff, the Idaho Supreme Court issued an order pursuant to I.C. § 1–2005, assigning Judge Doolittle to continue to preside over the consolidated post-conviction cases as a district judge pro tem "for purposes of any pending matters and all proceedings necessary for their final disposition." After hearing the State's motion for reconsideration, Judge Doolittle adhered to his earlier decision with only a few changes. Then, in compliance with Judge Doolittle's directive, Law and Drennon were sent back to NICI for evaluation of their current suitability for probation. The jurisdictional review committee this time recommended probation for both men.

A controversy then arose regarding which judge, Goff or Doolittle, had authority to act upon the NICI reports. Judge Goff, acting as the sentencing judge and without holding a hearing, rejected the NICI recommendation of probation and again relinquished jurisdiction over both of the appellants. Shortly thereafter, Judge Doolittle, believing he had proper jurisdiction over the matter, adopted the recommendation of the NICI committee and ordered that the appellants be placed on probation. On the basis of Judge Doolittle's order, the appellants were released from custody. Shortly thereafter, the State filed with the Idaho Supreme Court two petitions for writs of review seeking to quash Judge Doolittle's probation orders in these cases. The Supreme Court granted the petitions, and the appellants were re-arrested.

The appellants now appeal from Judge Goff's order relinquishing jurisdiction. They argue: (1) that because the post-conviction actions were assigned to Judge Doolittle, Judge Goff lacked authority to take action regarding the appellants' sentences; and (2) that even if Judge Goff did have authority, his failure to conduct a hearing before relinquishing jurisdiction violated the appellants' rights to due process.

## ANALYSIS

**A. The District Court Assigned To The Criminal Case Had Authority To Take Action on the Appellants' Sentences**

■ The appellants first contend that Judge Goff's order relinquishing jurisdiction and reinstituting their previous sentences should be reversed because Judge Goff lost

jurisdiction or authority over those matters when the Supreme Court assigned Judge Doolittle to preside in the post-conviction cases. Where, as here, there is no factual dispute, issues regarding the jurisdiction and authority of a district court to hear a particular case are questions of law over which this Court exercises free review. *Lockhart v. Dep't of Fish and Game,* 121 Idaho 894, 895–96, 828 P.2d 1299, 1300–01 (1992); *Gage v. Harris,* 119 Idaho 451, 452, 807 P.2d 1289, 1290 (Ct.App.1991).

▆ The appellants' assertion that Judge Doolittle, not Judge Goff, had authority to act on the new NICI reports fails to recognize the distinction between post-conviction relief actions and the associated criminal actions. It is well established that an action for post-conviction relief is civil, and not criminal, in nature. *See e.g., Saykhamchone v. State,* 127 Idaho 319, 900 P.2d 795 (1995); *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). It is a new action, distinct from the underlying criminal case in which the applicant was convicted. *Saykhamchone, supra; Ivey v. State,* 123 Idaho 77, 844 P.2d 706 (1992); *Nguyen v. State,* 126 Idaho 494, 887 P.2d 39 (Ct.App. 1994). *See also* I.C. § 19–4901(b). The purpose of a post-conviction relief action is to remedy certain types of errors that may have occurred in the criminal case. *See* I.C. § 19–4901. When an applicant has established a right to relief, the remedy will be selected and ordered by the court in the post-conviction action. Once such a directive for a remedy has been issued in a final order or judgment, the post-conviction action is concluded. The remedy which has been *ordered* in the post-conviction action generally must be *carried out* by the court in the criminal case. That is, the court in the post-conviction action will order that some action be taken in the criminal case to remedy the violation of the applicant's rights. This may include, for example, an order for a new trial in the criminal case or an order that the applicant be allowed to withdraw a guilty plea. Such remedies are carried out by reopening the criminal case and conducting further proceedings in that case.

▆ Here, Judge Doolittle was only assigned to preside over the appellants' post-conviction relief actions; the Supreme Court's assignment order did not empower Judge Doolittle to participate in the underlying criminal cases. To remedy the deprivation of due process that occurred in the appellants' initial NICI hearings, Judge Doolittle ordered that they would be reevaluated by the Department of Corrections and a new report prepared. This order directing relief was the final disposition of the post-conviction actions and, absent some reason to reopen the post-conviction cases, Judge Doolittle's authority in the matter thereby terminated. It was then for the judge in the criminal cases, Judge Goff, to resolve any remaining issues in the criminal actions. After the appellants were reevaluated at NICI in compliance with Judge Doolittle's order and the NICI reports recommending probation were issued, it was up to Judge Goff, as the sentencing judge in the criminal cases, to decide whether to accept the NICI recommendations that the appellants be placed on probation or whether to again relinquish jurisdiction to the Board of Correction. Hence, the appellants are incorrect in their assertion that Judge Goff lacked authority to issue the orders relinquishing jurisdiction.

**B. Judge Goff Was Not Required To Hold A Hearing Before Relinquishing Jurisdiction**

The appellants next argue that even if Judge Goff had the authority to act, he violated their rights to due process when he relinquished jurisdiction over them without first conducting a hearing.

▆ It is well-settled that a hearing before the trial court is not a prerequisite for an order relinquishing retained jurisdiction under I.C. § 19–2601(4). *See State v. White,* 107 Idaho 941, 694 P.2d 890 (1985); *State v. Lopez,* 102 Idaho 692, 638 P.2d 889 (1981); *State v. Williams,* 126 Idaho 39, 878 P.2d 213 (Ct.App.1994); *State v. Atwood,* 122 Idaho 199, 832 P.2d 1134 (Ct.App.1992). The present case is distinguishable, however, from a typical retained jurisdiction case because the appellants' initial hearing at NICI was found to be violative of their constitutional rights to

due process. In prior decisions, *Thorgaard v. State,* 125 Idaho 901, 906–907, 876 P.2d 599, 604–605 (Ct.App.1994), and *Free v. State,* 125 Idaho 760, 767, 874 P.2d 571, 578 (Ct.App.1993), we have stated that the appropriate remedy for such violations is a new hearing before the sentencing court to evaluate a defendant's current fitness for probation. Here, Judge Doolittle in the post-conviction action ordered that each appellant be given a new evaluation and hearing before a jurisdictional review committee of the Department of Corrections rather than a jurisdictional review hearing before the court. Relying on *Free* and *Thorgaard,* the appellants now contend that the new hearing at NICI was not an adequate remedy and that they have a right to a jurisdictional review hearing before the district court.

It is arguable that this issue has been waived by the appellants through their failure to appeal from Judge Doolittle's decision in the post-conviction action. If the appellants believed that the remedy ordered by Judge Doolittle was inadequate, they could have challenged it by an appeal in that case. Nevertheless, rather than basing our decision on such a procedural bar, we will address the substance of the appellants' argument.

In *Free,* this Court observed that it was both "impossible" and "pointless" to attempt to conduct a new hearing at NICI to redetermine an applicant's suitability for probation at the time of his original conviction. *Free,* 125 Idaho at 767, 874 P.2d at 578. We stated,

> Both Free's interest in rehabilitation and the state's interest in protecting society dictate that the pertinent inquiry today is whether Free is *now* a fit candidate for probation or sentence modification. Thus, we conclude that the appropriate remedy in this case is a new hearing before the district court at which Free's current institutional behavior, rehabilitation progress and potential, and fitness for probation may be examined.

*Id.* The remedy of a hearing before the trial court was reiterated in *Thorgaard.* Nonetheless, we conclude that these decisions do not mandate a new jurisdictional review hearing before the district court in the present case.

Our chief concern in fashioning a remedy in *Free* and *Thorgaard* was not *who* should perform the reevaluation, but what should be its focus. We stressed that the appropriate inquiry in such a reevaluation would be the inmate's suitability for probation at the time of the new evaluation, not at the time of the initial, flawed hearing at NICI. *See Thorgaard,* 125 Idaho at 906–07, 876 P.2d at 604–05; *Free,* 125 Idaho at 767, 874 P.2d at 578. In this case, Judge Doolittle ordered that Law and Drennon be reevaluated by the Department of Corrections to determine their *current* suitability for probation. The new evaluations properly focused on the appellants' behavior while incarcerated, their rehabilitation progress and potential, and their fitness for probation at the time of the reevaluation. The appellants do not contend that there were any procedural deficiencies in the new hearings conducted at NICI which ultimately led to NICI's recommendation of probation. We conclude, therefore, that these evaluations provided an adequate remedy for the prior due process violations of which the appellants complained in their post-conviction actions. It was unnecessary for Judge Goff to conduct an additional hearing before making his determination whether to relinquish jurisdiction.

Although we hold that a reevaluation at NICI may provide an adequate remedy for constitutional violations in a previous jurisdictional review hearing, we nevertheless urge trial courts to follow the preferred procedure described in *Free* and *Thorgaard.* Having the hearing conducted by the court avoids placing the jurisdictional review committee in a position of reevaluating an inmate who has already received a negative evaluation from the committee and who has prevailed in a civil action against the State regarding the committee's procedures. In addition, having the district court conduct the second evaluation can save time for a successful inmate because it does not require that the inmate spend up to an additional 180 days incarcerated in the retained jurisdiction program. Instead, the district court can make a prompt determination of the in-

dividual's current suitability for probation based on the inmate's past and current behavior and his rehabilitative progress while incarcerated.

## CONCLUSION

We conclude that Judge Goff, the sentencing judge in the criminal actions, rather than Judge Doolittle, who heard the consolidated post-conviction actions, was the judge with authority to determine whether to relinquish jurisdiction over Law and Drennon following their second evaluation at NICI. We also hold that Judge Goff was not required to conduct a hearing before determining whether to relinquish jurisdiction over the appellants following his receipt of the new NICI reports. Accordingly, Judge Goff's orders relinquishing jurisdiction in these cases are affirmed.

PERRY, J., and WALTERS, Acting J., concur.