IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43791

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 823 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 27, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CLAYTON ROBERT ADAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order denying I.C.R. 35 motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Clayton Robert Adams appeals from the district court's order denying Adams's I.C.R. 35 motion for credit for time served. Adams contends that, although his sentences were originally ordered to run consecutively, they became concurrent after the district court afforded Adams a resentencing hearing on one of his convictions. For the reasons set forth below, we affirm.

A jury found Adams guilty of second degree murder, I.C. §§ 18-4001 and 18-4003(g), and aggravated battery, I.C. § 18-907. In 2007, the district court sentenced Adams to a unified life term, with a minimum period of confinement of twenty-five years, for second degree murder and a unified term of ten years, with a minimum period of confinement of three years, for aggravated battery, "with said sentences to run consecutively." Adams filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied. On direct appeal, this Court

1

affirmed Adams's judgment of conviction and sentences. *State v. Adams*, 147 Idaho 857, 216 P.3d 146 (Ct. App. 2009). Adams filed a pro se petition for post-conviction relief and filed an amended petition raising numerous claims of relief. The district court partially granted Adams's petition, concluding trial counsel had failed to challenge the district court's misinterpretation of the sentencing standards in I.C. § 18-8004, and afforded Adams a resentencing hearing for second degree murder.[1] At the resentencing hearing in 2014, the district court again imposed a unified life term, with a minimum period of confinement of twenty-five years, for second degree murder. The district court entered an amended judgment of conviction in which the district court also noted that the previously imposed aggravated battery sentence would remain as reflected in the original judgment of conviction. Adams appealed, asserting that his second degree murder sentence was excessive. In an unpublished opinion, this Court affirmed. *State v. Adams*, Docket No. 42667 (Ct. App. Aug. 11, 2015).

Adams subsequently filed a motion for credit for time served under I.C.R. 35 relating to the consecutive aggravated battery sentence, arguing that he was entitled to have the sentence run concurrent to the second degree murder sentence because the district court did not reimpose the consecutive nature of Adams's sentences at the resentencing hearing. The district court denied Adams's motion. Adams appeals.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (holding that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give

---

[1]     The district summarily dismissed Adams's remaining post-conviction claims and Adams appealed. This Court recently affirmed the district court's order summarily dismissing Adams's petition. *Adams v. State*, Docket No. 42920 (Ct. App. Nov. 4, 2016) (*rev. pending*).

credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case and does not have discretion to award credit for time served that is more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

The question of whether a sentencing court has properly awarded credit for time served is a question of law, which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005). We defer to the district court's findings of facts, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

On appeal, Adams argues that he is entitled to credit for time served on his aggravated battery sentence because it is now concurrent with his sentence for second degree murder. Specifically, Adams contends that, when the district court granted post-conviction relief and afforded Adams a resentencing hearing on his second degree murder sentence, his original second degree murder sentence was vacated and left no contemporaneous sentence with which his aggravated battery sentence could run consecutive. Adams also asserts that the district court made no oral pronouncement at the resentencing hearing that his sentences were to run consecutively and, therefore, his sentences became concurrent. Consequently, Adams concludes that he is entitled to credit for time served on his aggravated battery sentence from the date his aggravated battery sentence was originally imposed in 2007. Conversely, the State argues that there was no indication in the record that the district court vacated Adams's sentence for second degree murder when it granted post-conviction relief and resentencing and that the aggravated battery sentence was, at all times, consecutive to the second degree murder sentence. In reply, Adams contends that, although the district court never used the word "vacated," the effect of the district court ordering resentencing was the same whether the district court used the word "vacated" or not.

Initially, we note that the transcript of the district court's ruling in Adams's post-conviction case and the judgment disposing of Adams's post-conviction case are not

included in the record in this appeal.[2] The amended judgment of conviction, however, indicates that the district court granted partial relief of Adams's post-conviction claims relating to trial counsel's failure to challenge the sentencing court's misinterpretation of I.C. § 18-4004 when it originally imposed Adam's sentence for second degree murder. The district court therefore afforded Adams a resentencing hearing for second degree murder.[3] Adams's claim for time served is premised on the proposition that the district court's grant of post-conviction relief affording Adams a resentencing hearing effectively vacated his original sentence for second degree murder. We begin our analysis addressing the threshold issue of whether the district court vacated Adams's second degree murder sentence in granting partial post-conviction relief.

An action for post-conviction relief is civil, and not criminal, in nature. *State v. Law*, 131 Idaho 90, 93, 952 P.2d 905, 908 (Ct. App. 1997). It is a new action, distinct from the underlying criminal case in which the petitioner was convicted. *Id.* The purpose of post-conviction relief action is to remedy certain types of errors that may have occurred in a petitioner's criminal case. *Id.*; s*ee also* I.C. § 19-4901. In *Law*, this Court explained that, when a petitioner has established a right to relief, the remedy is selected and ordered by the court in the post-conviction action. The post-conviction action is concluded when such a directive for a remedy has been issued in a final order or judgment. The remedy afforded in the post-conviction action generally must be carried out by the court in the criminal case. *Law*, 131 Idaho at 93, 952 P.2d at 908. That is, the post-conviction court will order that some action be taken in the criminal case to remedy the violation of the petitioner's rights. Such remedy may include, for example, an order for a new

---

[2]     Although Adams asserts in his brief that he augmented the appellate record in this matter with the record from his post-conviction case, no related motion or order was filed. Thus, contrary to Adams's assertion, the record in this case does not include the record from his post-conviction case. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

[3]     Although the record does not include a transcript of the district court's ruling or the final judgment disposing of Adam's post-conviction case, we can infer from the record and the parties' arguments that the district court's grant of post-conviction relief did not disturb Adams's sentence for aggravated battery.

4

trial in the criminal case or an order that the petitioner be allowed to withdraw a guilty plea. This Court held that such remedies are carried out by reopening the criminal case and conducting further proceedings in that case. *Id.*

In this case, the district court's ruling and judgment in Adams's post-conviction case constituted a directive that the afforded remedy--resentencing hearing on Adams's second degree murder conviction--be carried out in Adams's criminal case. Neither the district court's ruling nor its written judgment in Adams's post-conviction case could have vacated his second degree murder sentence. Therefore, Adams's argument that his original sentence for second degree murder was effectively vacated when the district court granted post-conviction relief is untenable in light of *Law*. Moreover, once Adams's criminal case was reopened, there was no order or judgment entered that vacated, either in full or in part, the original judgment of conviction. Although the district court entered an order for resentencing in the criminal case, the effect of that order was limited to establishing the parameters for the presentation of evidence at the resentencing hearing.[4] The order did not address the status of or vacate Adams's original sentence for second degree murder, and we will not infer otherwise. The only order or judgment entered in Adams's criminal case that reflected the remedy afforded in Adams's post-conviction case and affected the original judgment of conviction was the amended judgment of conviction entered following Adams's resentencing hearing. Thus, Adams's aggravated battery sentence was, at all times, contemporaneous to the second degree murder sentence. Therefore, Adams has not shown that the original second degree murder sentence was vacated by the district court's post-conviction summary dismissal and resentencing orders. Consequently, Adams's argument that there was no contemporaneous sentence for the aggravated battery sentence to run consecutive to when the district court granted post-conviction relief necessarily fails.

Adams also argues that the only way his sentences could run consecutively following his resentencing in 2014 was for the district court to declare such in its oral pronouncement at the resentencing hearing. Adams contends that, because the district court failed to make an oral

---

[4]    The district court entered the order in response to the parties' arguments relating to the State's motion for a limited resentencing hearing. Specifically, the district court's order set out that it would consider information from the original sentencing and would allow only specified and nonduplicative evidence at the resentencing hearing.

pronouncement concerning the consecutive nature of Adams's sentences at the resentencing hearing, the district court's attempt to incorporate the aggravated battery sentence into the 2014 written amended judgment of conviction was ineffective because the oral pronouncement controls. Indeed, when there is a disparity between the sentence imposed in open court and that expressed in the written judgment of conviction, it is the orally pronounced sentence that is effective. *State v. Dreier*, 139 Idaho 246, 254, 76 P.3d 990, 998 (Ct. App. 2003).

Here, the district court's jurisdiction at the resentencing hearing was limited because post-conviction relief was granted only to remedy the district court's misinterpretation of the minimum sentencing requirements in I.C. § 18-4004 relevant to Adams's second degree murder conviction. Thus, the district court only had jurisdiction to resentence Adams for second degree murder under the proper interpretation of the relevant sentencing standard. Adams's aggravated battery sentence and its consecutive nature, which had previously been upheld on appeal, were not at issue at Adams's resentencing hearing. *See State v. Justice*, 152 Idaho 48, 54-55, 266 P.3d 1153, 1159-60 (Ct. App. 2011) (reviewing and modifying a sentence for two convictions did not alter the defendant's consecutive sentences). As Adams correctly indicates, the district court noted in Adams's amended judgment of conviction that his aggravated battery sentence would remain as pronounced in the original judgment of conviction. However, this notation was not an attempt by the district court to modify or alter Adams's consecutive aggravated battery sentence--it was just the opposite. Thus, the district court was not required to address the aggravated battery sentence at the resentencing hearing. The amended judgment of conviction detailing Adams's sentence for second degree murder was consistent with the district court's oral pronouncement. Thus, Adams has failed to show that the district court was required to make an oral pronouncement at the resentencing hearing that his sentences would be served consecutively.

Adams has not shown that his consecutive sentence became concurrent following the district court's judgment in Adams's post-conviction case. Consequently, Adams has failed to show the district court erred in denying Adams's motion for credit for time served with regard to his sentence for aggravated battery. Accordingly, the district court's order denying Adams's I.C.R. 35 motion for credit for time served is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.