864 P.2d 1126

**In the Matter of the Suspension of the Driver's License of: Mark Earle Ausman, DL/SS # 518–70–0422.**

**Mark Earle AUSMAN, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 19742.**

Supreme Court of Idaho,
Lewiston, May 1993 Term.

Dec. 6, 1993.

Clark & Feeney, Lewiston, for appellant. Douglas L. Mushlitz argued.

Larry EchoHawk, Atty. Gen., and Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

SILAK, Judge.

Mark Earle Ausman appeals from the district court's decision affirming the magistrate's denial of (1) his motion to vacate an order suspending his driving privileges, and (2) his untimely request for a hearing on his refusal to submit to the blood alcohol concentration ("BAC") test.

## FACTS AND PROCEDURAL BACKGROUND

Ausman's driver's license was seized on March 29, 1991, when he allegedly refused to perform a BAC test after being stopped and arrested for suspicion of driving under the influence. Ausman retained an attorney who agreed to represent him and to appear with him at a pre-trial conference on April 9, 1991. Ausman failed to request a license suspension hearing within seven days of the seizure of his license. On April 8, 1991, the magistrate entered an order suspending Ausman's driving privileges for 180 days, pursuant to I.C. § 18–8002(4)(c).

After the pre-trial conference, Ausman retained new counsel. His current counsel advised him that a hearing on his refusal to take the BAC test should have been requested within seven days of the seizure of his license. On April 10, Ausman's counsel unsuccessfully attempted to obtain court approval to set aside the order suspending his driving privileges.

On April 15, 1991, Ausman filed: (1) a request for hearing on his refusal to take the BAC test, and (2) a motion to vacate the order suspending his license. Ausman relied on I.R.C.P. 60(b)(1) to support his motion to vacate, claiming that his failure to request a hearing within the seven-day time limit was the result of mistake, inadvertence and excusable neglect. The magistrate's opinion and order filed April 25, 1991, denied both the request for hearing and the motion to vacate the suspension order. The magistrate denied the request for hearing as untimely under I.C. § 18–8002, and denied the motion to vacate the suspension order for essentially the same reason, concluding that granting Ausman relief under I.R.C.P. 60(b)(1) would contravene I.C. § 18–8002 and M.C.R. 9.2. The district court affirmed the magistrate on appeal. Ausman now appeals to this Court.

## ISSUES ON APPEAL

Ausman raises two issues in this appeal: (1) whether the magistrate had jurisdiction to conduct a show cause hearing, provided for in I.C. § 18–8002, after the seven-day limit for requesting such hearing expired without a request; and (2) whether I.R.C.P. 60(b)(1) may be applied to relieve a driver from the effects of an order suspending his driving privileges when—allegedly through mistake, inadvertence, or excusable neglect—the driver failed to request a show cause hearing within the seven-day time period.

## ANALYSIS

■ As a preliminary matter, we note our standard of review. When we review a case appealed from a district court's appellate review of a magistrate's decision, this Court makes an independent appellate review of the magistrate's decision, after giving due regard to the district court's ruling. *In re Estate of Reinwald*, 122 Idaho 401, 402, 834 P.2d 1317, 1318 (1992); *Swope v. Swope*, 122 Idaho 296, 298, 834 P.2d 298, 300 (1992); *McNelis v. McNelis*, 119 Idaho

349, 351, 806 P.2d 442, 444 (1991). If the magistrate's findings of fact are supported by substantial and competent evidence, we will uphold those findings on appeal. *McNelis*, 119 Idaho at 351, 806 P.2d at 444. However, an appellate court will freely review questions of law. *Clements Farms, Inc. v. Ben Fish & Son*, 120 Idaho 185, 188, 814 P.2d 917, 920 (1991); *In re Goerig*, 121 Idaho 26, 28, 822 P.2d 545, 547 (Ct.App.1991).

 Ausman argues the magistrate erred by concluding the running of the seven-day time limit for requesting a hearing deprived the court of subject matter jurisdiction and alternatively was a statute of limitation. Ausman claims that the time limit is analogous to the twenty-day limit provided for answering a complaint. The state argues that the limit is more analogous to the time limit of I.C.R. 35. It is undisputed that Ausman failed to request a hearing within the seven-day time limit. Therefore, whether section 18–8002's time limit is more analogous to a statute of limitations, a twenty-day answer time limit, or a Rule 35 time limit is not the proper question for this Court; the question is whether there is a remedy available for Ausman's failure to timely file a written request for a hearing. Ausman's claimed relief is through I.R.C.P. 60(b)(1). Because we hold that I.R.C.P. 60(b)(1) is not applicable to a license suspension proceeding, jurisdiction is clearly not an issue in this case and therefore will not be addressed.

Ausman argues the magistrate erred by not applying I.R.C.P. 60(b)(1) because a license suspension hearing is civil in nature and, as a civil proceeding, is governed by the Idaho Rules of Civil Procedure. I.C. § 18–8002(5); *Hanson v. State*, 121 Idaho 507, 512, 826 P.2d 468, 473 (1992); *see also Clayton v. State*, 118 Idaho 59, 794 P.2d 648 (Ct.App.1990). Ausman claims that the negative implication from the Court of Appeals' holding in *Clayton* is that the Idaho Rules of Civil Procedure apply in license suspension proceedings to the extent that they are not inconsistent with the Idaho Misdemeanor Criminal Rules.

Next Ausman argues that the magistrate erred when he concluded that application of I.R.C.P. 60(b)(1) to license suspension proceedings would be inconsistent with I.C. § 18–8002(4)(c) and Misdemeanor Criminal Rule 9.2. Idaho Code § 18–8002 provides, in pertinent part:

> (4)(c) If a hearing is not requested by written notice to the court concerned within seven (7) calendar days, upon receipt of a sworn statement by the peace officer of the circumstances of the refusal, the court *shall suspend* his driving privileges for one hundred eighty (180) days for a first refusal and one (1) year for a second refusal within five (5) years, during which time he shall have absolutely no driving privileges of any kind;....

(Emphasis added). Rule 9.2 provides, in pertinent part:

> (b) Suspension by Court. After being presented with a sworn statement of an officer under this rule, if the person whose license was seized does not request a hearing within 7 days from the date of seizure of his license, as allowed by Section 18–8002, Idaho Code, the judge shall thereupon enter an order suspending the driver's license of the defendant for 180 days pursuant to Section 18–8002, Idaho Code, without further notice to the party. The order suspending driving privileges and driver's license shall be effective upon execution and shall apply to all driving privileges of the person, including those granted by any temporary license or permit issued by a police officer. *The duty of the judge to enter such an order is a ministerial duty in which the judge has no discretion as to whether the order is to be entered.*

(Emphasis added). Rule 60(b)(1) provides, in pertinent part:

> **Rule 60(b). Mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, grounds for relief from judgment on order.**—On motion and upon such terms as are just, the court *may* relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1)

mistake, inadvertence, surprise, or excusable neglect;....

(Emphasis added).

Ausman claims the magistrate incorrectly perceived a conflict between I.R.C.P. 60(b)(1) and M.C.R. 9.2 because these two provisions may both be applied consistently by construing M.C.R. 9.2 as simply requiring the court to enter an order suspending driving privileges if no hearing is requested within seven days, and not as prohibiting the court from subsequently granting relief from that order upon the grounds provided by I.R.C.P. 60(b)(1). That is, a court has no discretion whether to enter a suspension order if a hearing was not timely requested, but the court should have discretion to grant relief from that order upon the grounds provided by I.R.C.P. 60(b)(1). Conversely, the state argues that the application of I.R.C.P. 60(b)(1) to a license suspension would frustrate the intent and purpose of I.C. § 18–8002 because it would be totally incongruous for the legislature to provide that courts have no discretion as to whether to enter the suspension order, but that they may later reconsider and vacate the order under I.R.C.P. 60(b)(1).

While we agree with Ausman that this Court has declared that the pleading rules of the rules of civil procedure apply to license suspension proceedings, this Court has never held that all of the Rules of Civil Procedure apply to such proceedings. We agree with the state that it would be incongruous and inconsistent if, on the one hand, courts have no discretion as to whether to suspend a driver's license if no hearing is requested within seven days pursuant to I.C. § 18–8002 and M.C.R. 9.2, but then later may exercise discretion to vacate the order under I.R.C.P. 60(b)(1). Therefore, for the reasons stated below, we affirm the magistrate's decision and hold that I.R.C.P. 60(b)(1) is not an available remedy for the untimely filing of a request for hearing under § 18–8002 and M.C.R. 9.2.

◼ We view this issue as involving the interpretation of a specific rule, M.C.R. 9.2, and a more general rule, I.R.C.P. 60(b)(1). A specific statute, and by analogy a specific rule of civil or criminal procedure, controls over a more general statute when there is any conflict between the two or when the general statute is vague or ambiguous. *Richardson v. One 1972 GMC Pickup,* 121 Idaho 599, 602, 826 P.2d 1311, 1314 (1992); *Walker v. Shoshone County,* 112 Idaho 991, 994, 739 P.2d 290, 293 (1987); *Mickelsen v. City of Rexburg,* 101 Idaho 305, 307, 612 P.2d 542, 544 (1980); *Guillard v. Department of Employment,* 100 Idaho 647, 650, 603 P.2d 981, 984 (1979); *State v. Roderick,* 85 Idaho 80, 84, 375 P.2d 1005, 1007 (1962); *John Hancock Mut. Life Ins. Co. v. Neill,* 79 Idaho 385, 396, 319 P.2d 195, 199 (1957).

I.C. § 18–8002(3) provides that if a driver fails, within seven days of the seizure of his or her license, to request a hearing to show cause as to the refusal to take the BAC test, the license will be suspended "absolutely" for 180 days. M.C.R. 9.2(b) provides that the duty to suspend the license is a ministerial one. *Black's Law Dictionary* defines "ministerial act" as follows:

That which is done under the authority of a superior; opposed to *judicial.* That which involves obedience to instructions, but demands no special discretion, judgment, or skill. [*Citations omitted*]. Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts. [*Citation omitted.*]

*Black's Law Dictionary* 899 (6th ed. 1990). "Ministerial duty" is defined by *Black's* as follows:

One regarding which nothing is left to discretion—a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist.

*Id.*

◼ I.C. § 18–8002(3) and M.C.R. 9.2(b) are clear, specific, and mandatory with respect to what a judge must do if a driver refuses to take the BAC test and fails to request a hearing within seven days: the judge *must* enter an order suspending the driver's license for 180 days if presented by a sworn statement of the arresting police

officer. This is a ministerial act as opposed to a discretionary or judicial one. *See Wyckoff v. Board of County Commrs. of Ada County,* 101 Idaho 12, 14, 607 P.2d 1066, 1068 (1980); *Saviers v. Richey,* 96 Idaho 413, 415, 529 P.2d 1285, 1287 (1974); *Winter v. Davis,* 65 Idaho 696, 709–10, 152 P.2d 249, 254 (1944).

In contrast, I.R.C.P. 60(b)(1) is a general rule of civil procedure by which a court, upon motion and such terms that are just, exercises its discretion to relieve a party of a judgment for either mistake, inadvertence, surprise, or excusable neglect. It is not specific as to what kinds of mistake, inadvertence, surprise or excusable neglect must be shown in order for the moving party to be granted relief by the court. Nor does the rule state that it applies to any specific area of civil law or to any specific types of judgments or orders. This rule is simply a general rule of civil procedure, and whether or not a court grants a motion under this rule is entirely discretionary. *Johnston v. Pascoe,* 100 Idaho 414, 420, 599 P.2d 985, 991 (1979); *Thomas v. Thomas,* 119 Idaho 709, 711, 809 P.2d 1188, 1190 (Ct.App.1991).

We therefore hold that because M.C.R. 9.2 is ministerial in nature allowing for no personal judgment to be exercised by the court, and because I.R.C.P. 60(b)(1) is discretionary and judicial in nature, a conflict between rules would arise if I.R.C.P. 60(b)(1) were applied to this case. Thus, due to the potential conflict, the specific rule, M.C.R. 9.2, controls over the general rule of civil procedure, I.R.C.P. 60(b)(1).

The orders of the magistrate court and of the district court affirming the magistrate are affirmed.

McDEVITT, C.J., and BISTLINE and JOHNSON, JJ., and JUDD, J., Pro Tem., concur.