959 P.2d 463

**V-1 OIL COMPANY, an Idaho corporation, Plaintiff–Appellant,**

v.

**IDAHO TRANSPORTATION DEPARTMENT, Defendant–Respondent.**

**No. 23810.**

Supreme Court of Idaho,
Idaho Falls, May 1998 Term.

June 15, 1998.

Pike & Shurtliff, P.A., Idaho Falls, for appellant. Scott C. Cifrese argued.

Alan G. Lance, Attorney General; Michael S. Gilmore, Deputy Attorney General, Boise, for respondent. Michael S. Gilmore argued.

JOHNSON, Justice.

This is a governmental immunity case. We conclude that pursuant to section 49–1007 of the Idaho Code (I.C.), the Idaho Transportation Department (the Department) is immune from liability for its activities in weighing a tanker truck.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

On March 1, 1995, a V–1 Oil Company (V–1) tanker truck (the truck) filled with liquid propane was stopped and weighed at a temporary port of entry by employees of the Department using a portable scale unit. As a result of this weighing, the Department issued V–1 an excess weight citation. The prosecuting attorney dismissed the citation with prejudice on May 31, 1995, one day before trial. V–1 then sued the Department alleging that the Department, through its employees, acted "maliciously, intentionally, recklessly, willfully and wantonly, grossly negligently and/or negligently" in weighing the truck because "the location where the weight of the vehicle was obtained was clearly not proper as to level or surface conditions" and the Department's employees "failed to [thereafter] take the truck to a certified scale." V–1 demanded damages for loss of use of the truck and driver and interruption of its business in the amount of $500 plus $3,412 in attorney fees and costs for defending the overweight citation. The magistrate judge dismissed V–1's suit for failure to state a claim upon which relief could be granted pursuant to rule 12(b)(6) of the Idaho Rules of Civil Procedure (I.R.C.P.), concluding that the Department is immune from liability pursuant to I.C. § 49–1007. V–1 appealed this decision to the district judge. The district judge, employing a somewhat different rationale, affirmed the magistrate

judge's ruling and dismissed V–1's suit. V–1 then appealed to this Court.

## II.

## I.C. § 49–1007 PROVIDES IMMUNITY TO THE DEPARTMENT FOR ITS ACTIONS IN WEIGHING THE TRUCK.

■ V–1 asserts that the magistrate judge was incorrect in ruling that the Department is immune from liability under I.C. § 49–1007 in weighing the truck. We disagree.

■ It is undisputed that the Department is a governmental actor. Therefore, both the Idaho Tort Claims Act (ITCA), I.C. § 6–901 through § 6–929, and I.C. § 49–1007 potentially control the immunity to be afforded the Department. Although ITCA generally addresses the potential immunity of all government actors, I.C. § 49–1007 specifically addresses the immunity of the Department in its weighing activities. "Where two statutes appear to apply to the same case, the *specific* should control over the *general*." *K. Hefner, Inc. v. Caremark, Inc.*, 128 Idaho 726, 732, 918 P.2d 595, 601 (1996) (emphasis added). Consequently, I.C. § 49–1007 is controlling in this case. In addition, ITCA itself demands that I.C. § 49–1007 control the immunity issue in this case. I.C. § 6–903(f) ("Any immunity or other bar to a civil lawsuit under Idaho … law shall remain in effect.").

Title 49 of the Idaho Code addresses and encompasses all matters concerning motor vehicles within the state of Idaho. Specifically, Title 49, Chapter 10, discusses allowable weights of vehicles on the roads of Idaho and the penalties and liabilities attached for violations of those allowable weights. In order to ensure that vehicles within the state comply with the weight regulations of Title 49, Chapter 10, the Legislature granted the Department the authority to establish temporary and permanent ports of entry in order to weigh vehicles and to issue misdemeanor citations for violations of the weight regulations. I.C. § 40–510(1), (2), and (4).

The Legislature has limited the Department's liability for its weighing activities under Title 49, Chapter 10. I.C. § 49–1007 (formerly I.C. § 49–908). Since its initial

enactment in 1929, this statute "limiting [the] liability of authorities" has gone unmodified and has contained the identical language that no suit can be brought against the Department "because of their compliance with any of the terms of this chapter, the exercise of any authority, or the performance of any duties granted or prescribed by this chapter." Each of these are independent clauses, sufficient to invoke immunity for the Department's actions. Therefore, the immunity provided by I.C. § 49–1007 will apply since the Department, pursuant to "the exercise of any authority ... granted" by both Title 49, Chapter 10, and Title 40, Chapter 5, set up a temporary port of entry, pulled the truck into that port of entry to be weighed, and issued a citation to the truck for being overweight. In weighing the truck, even if it did so erroneously, the Department engaged in "the exercise of any authority ... granted" to it by statute, and is therefore immune from liability for its actions in this case.

V–1 contends that although I.C. § 49–1007 does purport to "limit" liability, it only does so when the Department performs flawlessly. This interpretation would completely nullify and defeat the purpose and intent behind liability limiting statutes; if the Department performed its weighing activities perfectly, there would be no need for a statute limiting its liability because no liability would arise in the first place.

### III.

### CONCLUSION

We affirm the order dismissing V–1's suit.

We award costs on appeal to the Department.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.