987 P.2d 290

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carolyn BARNES, Defendant–Appellant.**

No. 24578.

Supreme Court of Idaho,
Pocatello, May 1999 Term.

Aug. 24, 1999.

Tammie D. Whyte, Idaho Falls, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

SILAK, Justice.

This is an appeal from the district court's appellate decision affirming the magistrate's judgment convicting appellant Carolyn Barnes (Barnes) of misdemeanor D.U.I. That judgment was entered upon Barnes' conditional guilty plea, reserving her right to challenge the magistrate's denial of her motion to dismiss, which was based on the fact that Barnes was operating a snowmobile when she was issued the citation. We affirm the magistrate's judgment of conviction.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

The parties entered into a Stipulation of Facts which are as follows:

1. That on/or about February 16, 1997, the defendant, Carolyn Barnes, was issued a citation for a violation of I.C. § 18–8004, Driving Under the Influence of Alcohol, by Officer Gerry Wykoff, of the Fremont County Sheriff's Office.

2. The incident occurred in Fremont County, Idaho, near Island Park Lodge.

3. That on/or about February 16, 1997, Officer Wykoff responded to the Island Park Lodge in reference to fighting that had been going on earlier in the evening.

4. Officer Wykoff then observed Carolyn Barnes talking to Jim Funkhouser, Island Park Lodge Owner.

5. Mr. Funkhouser asked Officer Wykoff if he would take the defendant, Carolyn Barnes, to her home because she was in no condition to drive.

6. Officer Wykoff indicated to Mr. Funkhouser that he would take the defendant to her home.

7. Although the defendant does not recall being addressed at this time by the Officer, the Officer maintains that she refused a ride and got on her snowmobile and drove down Big Springs Road.

8. Big Springs Road is a public roadway, which is plowed and maintained by Fremont County.

9. Officer Wykoff then followed the defendant, Carolyn Barnes, for approximately ⁹⁄₁₀ of one mile.

10. The defendant then stopped and got off her snowmobile.

11. Officer Wykoff asked her where she was going.

12. The defendant indicated that she was going to park her snowmobile at John Madson's house, approximately ³⁄₁₀ of one mile from where she was stopped and the Officer indicated that it was "right there" and pointed in the direction of the entrance to the driveway.

13. Officer Wykoff also stated that he would give the snowmobile key to John Madson.

14. The defendant then got back on her snowmobile to return to John Madson's driveway and missed the entrance. She

then drove back to Island Park Lodge, a distance of approximately ⁹⁄₁₀ of one mile.

15. Officer Wykoff followed the defendant to Island Park Lodge where she was stopped and waiting for him.

16. After a discussion, the Defendant refused to leave her snowmobile at that location and she was arrested for D.U.I.

17. The defendant was booked into the Fremont County Jail on February 16, 1997.

18. No field sobriety tests were performed on the defendant by the Officer.

19. Officer Ralph Davis administered an Intoxilyzer test to the defendant.

20. The results of the Intoxilyzer test of the defendant reflected a BAC of .15/.17.

## B. Procedural Background

On March 28, 1997, Barnes filed a motion to dismiss the D.U.I. charge on the basis that the charge was improperly brought under I.C. § 18–8004. Barnes argued that she could not be charged with violating the misdemeanor D.U.I. statute because operating a snowmobile while intoxicated is an infraction under a different statute, I.C. § 67–7110. A hearing on the motion was held before a magistrate on April 18, 1997, after which the court denied the motion.

On June 13, 1997, Barnes moved to suppress the BAC results, although the record does not reflect any ruling by the magistrate on this motion.

On August 27, 1997, the parties entered into the Stipulation of Facts and Conditional Guilty Plea, whereby Barnes pled guilty to the D.U.I. charge, but reserved the right to appeal the magistrate's adverse rulings. Barnes then appealed to the district court.

After oral argument, the district court entered its Decision and Order Affirming Magistrate in February 1998. Barnes thereafter appealed to this Court. On March 24, 1998, Barnes was sentenced by the magistrate to a driver's license suspension of 180 days, a $500 fine, and 90 days in jail (80 suspended, 8 at the discretion of the court and 2 to be served), and a two year probation. The magistrate granted Barnes' request for a stay of execution of the sentence pending this appeal.

## II.

## ISSUES ON APPEAL

1. Whether a snowmobile is a motor vehicle for purposes of the application of I.C. § 18–8004.

2. Whether it was proper for the State to charge Barnes under I.C. § 18–8004, for a misdemeanor violation, even though I.C. § 67–7110 makes it an infraction to operate a snowmobile under the influence of alcohol or drugs.

3. Whether the BAC test results should have been suppressed.

## III.

## STANDARD OF REVIEW

■■■ When this Court reviews a case appealed from a district court's appellate review of a magistrate's decision, it makes an independent appellate review of the magistrate's decision, after giving due regard to the district court's ruling. *See Schevers v. State,* 129 Idaho 573, 575, 930 P.2d 603, 605 (1996); *Ausman v. State,* 124 Idaho 839, 840, 864 P.2d 1126, 1127 (1993). The Court will uphold the magistrate's findings of fact on appeal from a district court's appellate review if they are supported by substantial and competent evidence. *See Schevers,* 129 Idaho at 575, 930 P.2d at 605; *Ausman,* 124 Idaho at 841, 864 P.2d at 1128. However, the construction and interpretation of a statute present questions of law over which this Court exercises free review. *See State v. Hagerman Water Right Owners,* 130 Idaho 727, 732, 947 P.2d 400, 405 (1997); *Mitchell v. Bingham Memorial Hosp.,* 130 Idaho 420, 422, 942 P.2d 544, 546 (1997). Statutes relating to the same subject matter, although in apparent conflict, are to be construed in harmony, if reasonably possible. *See Cox v. Mueller,* 125 Idaho 734, 736, 874 P.2d 545, 547 (1994); *State v. Maland,* 124 Idaho 537, 540, 861 P.2d 107, 110 (Ct.App.1993).

## IV.

## ANALYSIS

### A. A Snowmobile Is A Motor Vehicle Pursuant To I.C. § 18–8004.

■ Barnes first argues that a snowmobile should not be considered a "motor vehicle" for purposes of applying I.C. § 18–8004 because snowmobiles are treated differently than motor vehicles in several ways. By way of example, Barnes states that an operator of a snowmobile is not required to have a driver's license to operate the machine, unless the snowmobile is being operated on a public roadway or highway; that there is no age requirement for operating a snowmobile; and that liability insurance is not required in order to operate a snowmobile. We find Barnes' argument to be without merit.

At the time of Barnes' arrest in February 1997, Idaho Code section 18–8004(1)(a) provided:

It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.10, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a *motor vehicle* within this state, *whether upon a highway, street or bridge, or upon public or private property open to the public.*

I.C. § 18–8004(1)(a) (emphasis added).

Idaho Code section 49–123(2)(g) defines "motor vehicle" as follows:

*Every vehicle which is self-propelled* and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails, except vehicles moved solely by human power and motorized wheelchairs.

I.C. § 49–123(2)(g) (emphasis added).

Idaho Code section 67–7101(14) defines "snowmobile" as follows:

"Snowmobile" means *any self-propelled vehicle* under one thousand (1,000) pounds

unladened gross weight, designed primarily for travel on snow or ice or over natural terrain, which may be steered by tracks, skis, or runners, and which is not otherwise registered or licensed under the laws of the state of Idaho.

I.C. § 67–7101(14) (emphasis added).

A snowmobile clearly falls within the definition of a motor vehicle as they are both self-propelled vehicles. The snowmobile definition provided in I.C. § 67–7101(14), although more specific and detailed than the definition of motor vehicle provided in I.C. § 49–123(2)(g), does not remove snowmobiles from the definition of motor vehicles, but rather simply shows that a snowmobile is a specific type of motor vehicle. Thus, even though the operation of a snowmobile may not require operator licensing and liability insurance as does the operation of other types of motor vehicles, it does not mean that a snowmobile is not a motor vehicle for purposes of I.C. § 18–8004. Further, although snowmobiles are generally restricted from being operated on highways, under the certain circumstances described in section 67–7109 of the Idaho Code, which allow snowmobiles to be operated on highways or roadways, the operator must have a valid driver's license. *See* I.C. § 67–7110(7). Thus, we hold that a snowmobile shall be treated as a motor vehicle under I.C. § 18–8004.

### B. The State Properly Charged Barnes Under I.C. § 18–8004, For A Misdemeanor Violation, Even Though Under I.C. § 67–7110 It Is An Infraction To Operate A Snowmobile Under The Influence Of Alcohol Or Drugs.

■ Barnes argues that because there is a statute which specifically addresses intoxicated operators of snowmobiles, I.C. § 67–7110(2) [1], she was improperly charged under the D.U.I. statute, I.C. § 18–8004. Barnes claims that the only penalty for a violation of I.C. § 67–7110(2) is found at section 67–7113 of the Idaho Code, which provides that it is an infraction, not a misdemeanor, to operate

---

1. I.C. § 67–7110(2) provides: "It shall be unlawful for any person to drive or operate any snowmobile … [w]hile under the influence of intoxi-

cating liquor or narcotics or habit-forming drugs."

a snowmobile under the influence of alcohol or drugs and is punishable only by a fine.[2] Barnes thus argues that the State cannot maintain a separate action for a D.U.I., as a misdemeanor, under I.C. § 18–8004. Barnes essentially claims that these two statutes conflict, and that because the language of I.C. § 67–7110(2) is clear and unambiguous, and because its language is more comprehensive and narrow than I.C. § 18–8004, it should be given effect over the D.U.I. statute. We find Barnes' argument to be without merit, and hold that under the circumstances of this case, Barnes was properly charged with a D.U.I. under I.C. § 18–8004.

■ Based on the doctrine of *in pari materia*, we hold that driving a snowmobile on a public roadway while intoxicated is covered by both I.C. § 18–8004 and I.C. § 67–7110(2), that there is no conflict and that the State had the discretion to prosecute Barnes under either statute. This Court has held that statutes which are *in pari materia* are to be construed together to further legislative intent. *See Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 4, 855 P.2d 462, 465 (1993). The Court has defined *in pari materia* as follows:

> "The rule that statutes *in pari materia* are to be construed together means that each legislative act is to be interpreted with other acts relating to the same matter or subject. Statutes are *in pari materia* when they relate to the same subject. Such statutes are taken together and construed as one system, and the object is to carry into effect the intention. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. For the purpose of learning the intention, all statutes relating to the same subject are to be compared, and so far as still in force brought into harmony by interpretation."

*Id.* (quoting *Meyers v. City of Idaho Falls*, 52 Idaho 81, 89–90, 11 P.2d 626, 629 (1932)). However, where two statutes appear to apply

to the same case or subject matter, the specific statute will control over the more general statute. *See V–1 Oil Co. v. Idaho Transp. Dep't*, 131 Idaho 482, 483, 959 P.2d 463, 464 (1998); *State v. Wilson*, 107 Idaho 506, 508, 690 P.2d 1338, 1340 (1984).

In the present case, both I.C. § 18–8004 and I.C. § 67–7110(2) deal with the subject of operating a motor vehicle while intoxicated. However, they are both specific in different aspects; I.C. § 67–7110(2) is specific with respect to the type of motor vehicle being operated by the intoxicated person, *i.e.,* a snowmobile, while I.C. § 18–8004(1)(a) is specific about where the motor vehicle is being operated and what constitutes intoxication. Despite the fact that these statutes can both be considered more specific than the other in certain aspects, they can be construed harmoniously under the facts of this case. Here, Barnes was operating her motor vehicle, a snowmobile, on a public roadway or highway while intoxicated. A snowmobile operator is generally not allowed to operate a snowmobile on a highway or public roadway. *See* I.C. § 67–7109. Snowmobiles are generally operated on groomed snowmobile trails or other areas which are not highways or public roadways. Thus, because Barnes elected to operate her snowmobile on a highway or public roadway while intoxicated, her actions came within the purview of both I.C. § 67–7110(2) and I.C. § 18–8004(1)(a). The prosecutor therefore had the discretion to charge Barnes under either statute. *State v. Vetsch*, 101 Idaho 595, 596, 618 P.2d 773, 774 (1980); *State v. Phillips*, 117 Idaho 23, 27, 784 P.2d 353, 357 (Ct.App.1989).

Other courts have reached similar conclusions after analyzing similar facts and statutes. In *State v. Peters*, 525 N.W.2d 854 (Iowa 1994), Peters was arrested and charged under the Iowa D.U.I. statute for operating his snowmobile on a downtown sidewalk and street in Ida Grove while intoxicated. Peters argued that he should have been charged under the snowmobile statute because it was more specific than the general D.U.I. statute, and that the statutes there-

---

2. I.C. § 67–7113 provides: "Any person who violates any provision of sections 67–7102 through section 67–7112, Idaho Code, shall be guilty of

an infraction, and shall be punished by a fine of not less than ten dollars ($10.00) nor more than one hundred dollars ($100)."

fore conflicted. This was Peters' second offense which constituted an aggravated misdemeanor under the D.U.I. statute and a simple misdemeanor under the snowmobile statute.

The Supreme Court of Iowa held that under the doctrine of *in pari materia*, the two statutes could be reconciled:

> We conclude that sections 321J.2 [D.U.I.] and 321G.13(3) [snowmobile] can be read in pari materia and are not conflicting. They both relate to the same thing: attaching criminal sanctions to those who operate a motor vehicle while intoxicated. In addition, they overlap in that both statutes may apply whether the offense is committed on public or private property. This is clear from the language of each statute. [Citation omitted]. But in overlapping, they share a common goal: to protect people and property from drunk drivers.

525 N.W.2d at 858. Thus, the court concluded that the Iowa legislature did not intend for the snowmobile statute to be the exclusive remedy for punishing intoxicated snowmobile operators. *Id.* at 859. The court further held that because the statutes were not in conflict, the prosecutor had the discretion to choose which charge to file. *Id.*

The Supreme Court of Michigan reached the same result in a similar case. In *People v. Rogers*, 438 Mich. 602, 475 N.W.2d 717 (1991), Rogers was arrested and charged under the Michigan D.U.I. statute for traveling on the shoulder of U.S. Highway 23 on a snowmobile while intoxicated. Rogers argued that he should have been charged under the more specific snowmobile statute.

The Supreme Court held that a person who operates a snowmobile on a highway while intoxicated can be prosecuted under the D.U.I. statute, and that this statute could not be characterized as more general than the snowmobile statute. *See* 475 N.W.2d at 718–19. In applying the doctrine of *in pari materia*, the court concluded that the two statutes overlapped in that each shared a common application to snowmobiles when operated on highways. Thus, the court held that when Rogers drove his snowmobile on the highway while intoxicated, his conduct came within the ambit of both statutes. *See id.* at 719. The court therefore also held that the prosecutor had the discretion to determine under which statute to prosecute. *See id.*

The concurring opinion in *Rogers*, which discusses the public policy reasons behind the court's decision, is persuasive and pertinent to the present case as well:

> [W]hen reviewing the evil attempted to be penalized by the statutes, the [D.U.I.] statute is intended to prevent accidents and hazards on the state's highways caused by the improper conduct of intoxicated drivers. However, the snowmobile act is an attempt to regulate *snowmobiles* in the *general* operations and registration.... Furthermore, the two statutes are each directed toward discrete ends, i.e., safe snowmobile operation as differentiated from preservation of highway safety from hazards posed by drunk drivers. The different, and perhaps more exalted legislative concern attached to the dangers of drunk driving becomes apparent by a comparison of the penalty provisions of the two offenses in question. Violation of the snowmobile offense carries the usual penalties for a misdemeanor, but the [D.U.I.] statutory scheme carries a more detailed, complex penalty provision specifically tailored to address the enormity of the danger posed by drunk driving, the need to deter offenders and to protect the public, and the unique problems of repeat offenders. These concerns are not implicated to any corresponding degree by the Legislature's expressed concern to regulate snowmobile operation. We see no reason why the policy concerns underlying the [D.U.I.] statute should be deemed inapplicable when [a D.U.I.] offense is committed with a snowmobile.

*Id.* at 724–25 (Brickley, J., concurring).[3]

Thus, the Court holds that under the circumstances of the present case, I.C. § 18–

---

**3.** In *People v. Staton*, 248 Ill.App.3d 799, 189 Ill.Dec. 76, 619 N.E.2d 777 (1993), an Illinois appellate court held that a snowmobile did not fall within the statutory definitions of "vehicle"

8004(1)(a) and I.C. § 67–7110(2) are *in pari materia*, and that because Barnes drove her snowmobile on a public roadway while intoxicated, the prosecutor had the discretion to charge her under either statute. A person who elects to operate a snowmobile on a public roadway is subject to the same rules and laws that apply to other operators of motor vehicles on public roadways. The magistrate's denial of Barnes' motion to dismiss is therefore affirmed.

■ It should be noted that the 1999 Idaho Legislature amended Chapter 71, Title 67 of the Idaho Code to provide that the operation of a snowmobile or all terrain vehicle under the influence of alcohol, drugs or other intoxicating substance on a public roadway or highway shall be a misdemeanor. 1999 Idaho Sess. Laws Ch. 359 (House Bill 55, effective July 1, 1999). However, this enactment does not affect the outcome of the present case. This Court recently held that when the legislature enacts an amendment to an existing statute, it has done so to clarify, strengthen or make a change to an existing statute. *See Stonecipher v. Stonecipher*, 131 Idaho 731, 735, 963 P.2d 1168, 1172 (1998). It is clear that by amending Chapter 71, Title 67 of the Idaho Code, the legislature intended to simply clarify and strengthen this chapter so that there would be no mistake that the operation of a snowmobile on a public roadway or highway while intoxicated results in the same legal consequences as the operation of any other motor vehicle while intoxicated, *i.e.*, a misdemeanor. Thus, the fact that the legislature has clarified the snowmobile statute does not mean that Barnes was improperly charged under I.C. § 18–8004.

**C. The Issue Whether The BAC Test Results Should Have Been Suppressed Is Not Properly Before The Court.**

■ Barnes argues that because she should not have been charged under I.C. § 18–8004, she also should not have been required to submit to an evidentiary test under I.C. § 18–8002. Thus, Barnes maintains that the BAC results should have been suppressed.

Although Barnes did move to suppress the BAC test results, the record is totally lacking in any documentation that the magistrate ever ruled on this motion. Barnes' notice of appeal to the district court states that a hearing was held on her motion to suppress on June 16, 1997, and that the magistrate ruled on the motion. However, the record on appeal contains no order of the magistrate, nor any court minutes which would indicate how or if the court ruled on this motion. This Court will not "review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error." *State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993). Thus, as there is no adverse ruling on Barnes' suppression motion, she cannot raise this issue on appeal. The Court therefore declines to address it.

## V.

## CONCLUSION

A snowmobile falls within the statutory definition of "motor vehicle" for purposes of I.C. § 18–8004, and that the State properly charged Barnes under I.C. § 18–8004(1)(a) for a misdemeanor violation. The issue whether the BAC test results should have been suppressed is not properly before the Court.

Accordingly, the magistrate's denial of Barnes' motion to dismiss is affirmed.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and KIDWELL, concur.

---

or "motor vehicle", and that Staton could therefore not be charged under the higher penalty D.U.I. statute. However, that case is distinguishable from the present case in that the definition of "vehicle" expressly excluded snowmobiles.